# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**   **2. PLEASE TYPE OR PRINT**   **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| KalshiEX LLC v. Williams, et al. | S.D.N.Y. | Analisa Torres |

| Date the Order or Judgment Appealed from was Entered on the Docket: | District Court Docket No.: |
|---|---|
| 7/7/2026 | 1:25-cv-8846 |

| Date the Notice of Appeal was Filed: | Is this a Cross Appeal? |
|---|---|
| 7/7/2026 | ☐ Yes   ☑ No |

| Attorney(s) for Appellant(s): ☑ Plaintiff ☐ Defendant | Counsel's Name:  Address:  Telephone No.:  Fax No.:  E-mail:<br><br>Neal Kumar Katyal<br>Milbank LLP, 1101 New York Ave. NW Washington, DC 20005<br>Tel.: 202.835.7505 / Fax: 202.263.7586<br>nkatyal@milbank.com |
|---|---|
| Attorney(s) for Appellee(s): ☐ Plaintiff ☑ Defendant | Counsel's Name:  Address:  Telephone No.:  Fax No.:  E-mail:<br><br>Katherine Rhodes Janofsky<br>N.Y. State Off. of Att'y Gen., 28 Liberty Street, New York, NY 10005<br>Tel.: 212.416.8621<br>Katherine.Janofsky@ag.ny.gov |

| Has Transcript Been Prepared? | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously? ☐ Yes ☑ No |
|---|---|---|---|
| n/a | | | If Yes, provide the following:<br><br>Case Name:<br><br>2d Cir. Docket No.:    Reporter Citation: (i.e., F.3d or Fed. App.) |

*ADDENDUM "A"*: COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

*ADDENDUM "B"*: COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

### PART A: JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party   ☐ Diversity<br>☑ Federal question (U.S. not a party)   ☐ Other (specify): _____ | ☐ Final Decision   ☐ Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b))<br>☑ Interlocutory Decision Appealable As of Right   ☐ Other (specify): _____ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

FORM C (Rev. October 2025)

**PART B:  DISTRICT COURT DISPOSITION   (Check as many as apply)**

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | 3. Relief |
|---|---|---|

**1. Stage of Proceedings**

- [✓] Pre-trial
- [ ] During trial
- [ ] After trial

**2. Type of Judgment/Order Appealed**

- [ ] Default judgment
- [ ] Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- [ ] Dismissal/FRCP 12(b)(6) failure to state a claim
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- [ ] Dismissal/other jurisdiction
- [ ] Dismissal/merit
- [ ] Judgment / Decision of the Court
- [ ] Summary judgment
- [ ] Declaratory judgment
- [ ] Jury verdict
- [ ] Judgment NOV
- [ ] Directed verdict
- [✓] Other (specify): Denial of preliminary injunction

**3. Relief**

- [ ] Damages:
  - [ ] Sought: $ _____
  - [ ] Granted: $ _____
  - [ ] Denied: $ _____
- [✓] Injunctions:
  - [✓] Preliminary
  - [ ] Permanent
  - [✓] Denied

---

**PART C:  NATURE OF SUIT   (Check as many as apply)**

**1. Federal Statutes**

- [ ] Antitrust
- [ ] Bankruptcy
- [ ] Banks/Banking
- [ ] Civil Rights
- [ ] Commerce
- [ ] Energy
- [✓] Commodities
- [ ] Other (specify): _____
- [ ] Communications
- [ ] Consumer Protection
- [ ] Copyright [ ] Patent
- [ ] Trademark
- [ ] Election
- [ ] Soc. Security
- [ ] Environmental
- [ ] Freedom of Information Act
- [ ] Immigration
- [ ] Labor
- [ ] OSHA
- [ ] Securities
- [ ] Tax

**2. Torts**

- [ ] Admiralty/ Maritime
- [ ] Assault / Defamation
- [ ] FELA
- [ ] Products Liability
- [ ] Other (Specify):

**3. Contracts**

- [ ] Admiralty/ Maritime
- [ ] Arbitration
- [ ] Commercial
- [ ] Employment
- [ ] Insurance
- [ ] Negotiable Instruments
- [ ] Other Specify

**4. Prisoner Petitions**

- [ ] Civil Rights
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Parole
- [ ] Vacate Sentence
- [ ] Other

**5. Other**

- [ ] Hague Int'l Child Custody Conv.
- [ ] Forfeiture/Penalty
- [ ] Real Property
- [ ] Treaty (specify): _____
- [ ] Other (specify): _____

**6. General**

- [ ] Arbitration
- [ ] Attorney Disqualification
- [ ] Class Action
- [ ] Counsel Fees
- [ ] Shareholder Derivative
- [ ] Transfer

**7. Will appeal raise constitutional issue(s)?**

- [✓] Yes   [ ] No

Will appeal raise a matter of first impression?

- [✓] Yes   [ ] No

---

1. Is any matter relative to this appeal still pending below? [ ] Yes, specify: _____   [✓] No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

   (A) Arises from substantially the same case or controversy as this appeal?   [ ] Yes   [✓] No

   (B) Involves an issue that is substantially similar or related to an issue in this appeal?   [✓] Yes   [ ] No

If yes, state whether □ "A," or □ "B," or □ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: See attached. | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|

Name of Appellant: KalshiEX LLC

| Date: 07/21/2026 | Signature of Counsel of Record:  s/ Neal Kumar Katyal |
|---|---|

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.

2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.

3. Pay the $605 docketing fee to the United States District Court or the $600 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C**  (Rev. October 2025)

**Form C Related Cases**

| Case name | Docket no. | Citation | Court |
|---|---|---|---|
| *KalshiEX LLC v. Johnson* | 2:26-cv-1715 | 2026 WL 1223373 2026 WL 976055 | D. Ariz. |
| *KalshiEX LLC v. Johnson* | 26-2978 | pending | 9th Cir. |
| *CFTC v. Johnson* | 26-4281 | pending | 9th Cir. |
| *KalshiEX LLC v. Cafferelli* | 3:25-cv-2016 | pending | D. Conn. |
| *United States v. Connecticut* | 3:26-cv-498 | pending | D. Conn. |
| *KalshiEX LLC v. Raoul* | 1:26-cv-7363 | pending | N.D. Ill. |
| *United States v. Illinois* | 1:26-cv-3659 | pending | N.D. Ill. |
| *KalshiEX LLC v. Bird* | 4:26-cv-109 | pending | S.D. Iowa |
| *Kentucky v. KalshiEX LLC* | 3:26-cv-48 | pending | E.D. Ky. |
| *United States v. Kentucky* | 3:26-cv-49 | pending | E.D. Ky. |
| *KalshiEX LLC v. Martin* | 1:25-cv-1283 | 793 F. Supp. 3d 667 | D. Md. |
| *KalshiEX LLC v. Martin* | 25-1892 | pending | 4th Cir. |
| *Massachusetts v. KalshiEX LLC* | 1:25-cv-12595 | unpublished (Order, Oct. 28, 2025, Dkt. No. 34) | D. Mass. |
| *Massachusetts v. KalshiEX LLC* | 2584-cv-2525 | 2026 WL 188019 | Mass. Super. Ct. |
| *Massachusetts v. KalshiEX LLC* | SJC-13906 | pending | Mass. |
| *Nessel v. KalshiEX LLC* | 1:26-cv-731 | unpublished (Order, June 25, 2026, Dkt. No. 20) | W.D. Mich. |
| *Nessel v. KalshiEX LLC* | 26-1087-cz | pending | Mich. Cir. Ct. Ingham Cnty. |
| *KalshiEX LLC v. Ellison* | 0:26-cv-2778 | pending | D. Minn. |
| *United States v. Minnesota* | 0:26-cv-2661 | pending | D. Minn. |
| *KalshiEX LLC v. Knudsen* | 6:26-cv-28 | pending | D. Mont. |
| *KalshiEX LLC v. Hendrick* | 2:25-cv-575 | 2025 WL 1073495 817 F. Supp. 3d 1014 | D. Nev. |
| *KalshiEX LLC v. Assad* | 25-7516 | pending | 9th Cir. |
| *Nevada ex rel. Nev. Gaming Control Bd. v. KalshiEX LLC* | 2:26-cv-406 | 2026 WL 579364 | D. Nev. |
| *Nevada v. KalshiEX LLC* | 26-1304 | pending | 9th Cir. |
| *Nevada v. KalshiEX LLC* | 26-0C-00050-1B | unpublished (Amended Order, May 18, 2026) | Nev. 1st Jud. D. Ct. |
| *KalshiEX LLC v. Nevada ex rel. Nev. Gaming Control Bd.* | 92771 | pending | Nev. |
| *KalshiEX LLC v. Flaherty* | 1:25-cv-2152 | 2025 WL 1218313 | D.N.J. |
| *KalshiEX LLC v. Flaherty* | 25-1922 | 172 F.4th 220 | 3d Cir. |
| *New Mexico v. Kalshi Inc.* | 1:26-cv-1857 | pending | D.N.M. |
| *United States v. New Mexico* | 1:26-cv-1912 | pending | D.N.M. |
| *United States v. New York* | 1:26-cv-3404 | pending | S.D.N.Y. |
| *KalshiEX LLC v. Schuler* | 2:25-cv-1165 | 2026 WL 657004 | S.D. Ohio |
| *KalshiEX LLC v. Schuler* | 26-3196 | pending | 6th Cir. |
| *KalshiEX LLC v. Furcolo* | 1:26-cv-327 | pending | D.R.I. |
| *Rhode Island v. KalshiEX LLC* | 1:26-cv-333 | pending | D.R.I. |
| *KalshiEX LLC v. Orgel* | 3:26-cv-34 | 2026 WL 474869 | M.D. Tenn. |

| Case name | Docket no. | Citation | Court |
|---|---|---|---|
| *KalshiEX LLC v. Orgel* | 26-5235 | pending | 6th Cir. |
| *KalshiEX LLC v. Cox* | 2:26-cv-151 | pending | D. Utah |
| *Washington v. KalshiEX LLC* | 2:26-cv-1062 | 2026 WL 1217743 | W.D. Wash. |
| *Washington v. KalshiEX LLC* | 26-3106 | pending | 9th Cir. |
| *Washington v. KalshiEX LLC* | 26-2-10264-3 | unpublished (Order, July 20, 2026, Dkt. No. 44) | Wash. King Cnty. Super. Ct. |
| *Wisconsin v. Kalshi Inc.* | 3:26-cv-378 | pending | W.D. Wis. |
| *United States v. Wisconsin* | 2:26-cv-749 | pending | E.D. Wis. |
| *Blue Lake Rancheria v. Kalshi Inc.* | 3:25-cv-6162 | 2025 WL 3141202 | N.D. Cal. |
| *Blue Lake Rancheria v. Kalshi Inc.* | 25-7504 | pending | 9th Cir. |
| *Mescalero Apache Tribe v. Kalshi Inc.* | 2:26-cv-1517 | pending | D.N.M. |
| *Ho-Chunk Nation v. Kalshi Inc.* | 3:25-cv-698 | 2026 WL 1284077 | W.D. Wis. |

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

| | |
|---|---|
| KALSHIEX LLC, | No. 26-1835 |
| *Plaintiff-Appellant*, | **ADDENDUM A TO FORM C** |
| v. | |
| ROBERT WILLIAMS, in his official capacity as Executive Director of the New York State Gaming Commission, *et al.*, | |
| *Defendants-Appellees*. | |

1.      Plaintiff KalshiEX LLC ("Kalshi") brought this action seeking to enjoin Defendants from prohibiting trading of event contracts on Kalshi's designated contract market ("DCM"). The CFTC designated Kalshi as a DCM in 2020. *See* D. Ct. Dkt. No. 16 at 6. Since then, Kalshi has allowed its users to trade on event contracts involving many different types of events. The Commodity Exchange Act ("CEA") grants the Commodity Futures Trading Commission ("CFTC") "exclusive jurisdiction" over trading on DCMs. 7 U.S.C. § 2(a)(1)(A). Accordingly, the CEA's grant of "exclusive jurisdiction" preempts the states' authority to regulate trading on Kalshi.

Yet Defendants have threatened Kalshi with civil and criminal liability unless Kalshi submits to state regulation. In October 2025, the New York State Gaming Commission sent Kalshi a cease-and-desist letter asserting that Kalshi's sports contracts are prohibited by New York gambling law and demanding that Kalshi immediately cease offering them in New York. The Commission threatened "civil penalties and fines" pursuant to New York gambling laws and accused Kalshi of violating state criminal laws that could subject Kalshi or its officers to imprisonment. D. Ct. Dkt. No. 17, Ex. 1 at 1-2, 4; *see also* N.Y. Penal Law § 225.10; N.Y. Rac. Peri-Mut. Wag. & Breed. Law § 104(9). Kalshi then filed this suit, seeking a permanent injunction

and declarative relief preventing Defendants from enforcing preempted state law against Kalshi in violation of its constitutional rights. *See* Compl. at 19-20. The same day Kalshi filed this action, it moved for a preliminary injunction against Defendants. D. Ct. Dkt. Nos. 15-16.

2. On July 7, 2026, the district court denied Kalshi's preliminary-injunction motion. The court first addressed the likelihood Kalshi would succeed on the merits. The court agreed that "Congress intended for the CFTC to have exclusive jurisdiction over swap transactions on DCMs." D. Ct. Dkt. No. 106 at 11. But it concluded that Congress "le[ft] room for states to regulate certain activities that may have otherwise been covered by the CEA," including by applying state gambling laws to trading on DCMs. *Id.* at 13. The court also rejected Kalshi's conflict preemption arguments. *Id.* at 15-19. The court then analyzed the other preliminary-injunction factors, finding that Kalshi's claims of irreparable harm are "largely monetary" and that Defendants' "interests in regulating gaming … heavily outweigh the interests articulated by Kalshi." *Id.* at 19-21.

3. Attached as Exhibit A is a copy of the notice of appeal, D. Ct. Dkt. No. 107. Attached as Exhibit B is a current copy of the lower court docket sheet.

4. Attached as Exhibit C is a copy of the district court's opinion forming the basis for the appeal, D. Ct. Dkt. No. 106. There are no relevant orders issued from the bench or in chambers.

Dated: July 21, 2026

Respectfully submitted,

*/s/ Neal Kumar Katyal*
Neal Kumar Katyal
Milbank LLP
1101 New York Ave. NW
Washington, DC 20005
Telephone: (202) 835-7505
nkatyal@milbank.com

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KALSHIEX LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>ROBERT WILLIAMS, in his official capacity as Executive Director of the New York State Gaming Commission; BRIAN O'DWYER, in his official capacity as Chair and Commissioner of the New York State Gaming Commission; JOHN A. CROTTY, in his official capacity as Commissioner of the New York State Gaming Commission; SYLVIA B. HAMER, in her official capacity as Commissioner of the New York State Gaming Commission; MARTIN J. MACK, in his official capacity as Commissioner of the New York State Gaming Commission; PETER J. MOSCHETTI, JR., in his official capacity as Vice Chair and Commissioner of the New York State Gaming Commission; MARISSA SHORENSTEIN, in her official capacity as Commissioner of the New York State Gaming Commission; and JERRY SKURNIK, in his official capacity as Commissioner of the New York State Gaming Commission,<br><br>*Defendants*. | Case No.: 1:25-cv-08846-AT<br><br>**NOTICE OF APPEAL** |

KalshiEX LLC appeals to the United States Court of Appeals for the Second Circuit from the Opinion and Order denying Plaintiff's Motion for Preliminary Injunction entered by the United States District Court for the Southern District of New York on July 7, 2026, Dkt. No. 106.

1

Dated: July 7, 2026
New York, New York

Respectfully submitted,

*/s/ Grant R. Mainland*

Grant R. Mainland
Andrew L. Porter
Matthew J. Laroche
Nicole D. Valente
**Milbank LLP**
55 Hudson Yards
New York, NY 10001
Telephone: 212-530-5000
Facsimile: 212-530-5219
GMainland@milbank.com
APorter@milbank.com
MLaroche@milbank.com
NValente@milbank.com

Joshua B. Sterling (pro hac vice)
William E. Havemann (pro hac vice)
**Milbank LLP**
1101 New York Avenue NW
Washington D.C. 20005
Telephone: 202-835-7500
Facsimile: 202-263-7586
JSterling@milbank.com
WHavemann@milbank.com

*Attorneys for Plaintiff*

2

# EXHIBIT B

**Query**  **Reports**  **Utilities**  **Help**  **Log Out**

APPEAL,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:25-cv-08846-AT

| | |
|---|---|
| KalshiEX LLC v. Williams et al | Date Filed: 10/26/2025 |
| Assigned to: Judge Analisa Torres | Jury Demand: None |
| Cause: 7:6(b) Federal Commodity Exchange Regulation | Nature of Suit: 850 Securities/Commodities |
| | Jurisdiction: Federal Question |

**Plaintiff**

**KalshiEX LLC**  represented by  **Andrew Leighton Porter**
Milbank LLP
55 Hudson Yards
New York, NY 10001
212-530-5000
Fax: 212-530-5219
Email: aporter@milbank.com
*ATTORNEY TO BE NOTICED*

**Joshua Brooks Sterling**
Milbank LLP
1101 New York Avenue, NW
Washington, DC 20005
202-835-7535
Email: jsterling@milbank.com
*ATTORNEY TO BE NOTICED*

**Karen Wong**
Milbank LLP
55 Hudson Yards
New York, NY 10001
212-530-5180
Email: kwong3@milbank.com
*ATTORNEY TO BE NOTICED*

**Matthew Joseph Laroche**
Milbank LLP
55 Hudson Yards
New York, NY 10001
212-530-5514
Email: mlaroche@milbank.com
*ATTORNEY TO BE NOTICED*

**Nicole Valente**
Milbank LLP
55 Hudson Yards
New York, NY 10001

212-530-5061
Email: nvalente@milbank.com
*ATTORNEY TO BE NOTICED*

**William E. Havemann**
Milbank LLP
1101 New York Avenue, NW
Washington, DC 20005
202-835-7518
Email: whavemann@milbank.com
*ATTORNEY TO BE NOTICED*

**Grant Richard Mainland**
Milbank LLP
55 Hudson Yards
New York City, NY 10001
212-530-5251
Email: gmainland@milbank.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | | |
|---|---|---|
| **Robert Williams**<br>*in his official capacity as Executive Director*<br>*of the New York State Gaming Commission* | represented by | **Katherine Rhodes Janofsky**<br>New York State Office of the Attorney General<br>28 Liberty Street<br>New York, NY 10005<br>212-416-8621<br>Email: Katherine.Janofsky@ag.ny.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Zachary Manley**<br>NYS Office of The Attorney General<br>28 Liberty Street<br>New York, NY 10005<br>212-416-6690<br>Email: zachary.manley@ag.ny.gov<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Brian O'Dwyer**<br>*in his official capacity as Chair and*<br>*Commissioner of the New York State*<br>*Gaming Commission* | represented by | **Katherine Rhodes Janofsky**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Zachary Manley**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

**John A. Crotty**
*in his official capacity as Commissioner of the New York State Gaming Commission*

represented by **Katherine Rhodes Janofsky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Zachary Manley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sylvia B. Hamer**
*in her official capacity as Commissioner of the New York State Gaming Commission*

represented by **Katherine Rhodes Janofsky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Zachary Manley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Martin J. Mack**
*in his official capacity as Commissioner of the New York State Gaming Commission*

represented by **Katherine Rhodes Janofsky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Zachary Manley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Peter J. Moschetti, Jr.**
*in his official capacity as Vice Chair and Commissioner of the New York State Gaming Commission*

represented by **Katherine Rhodes Janofsky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Zachary Manley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Marissa Shorenstein**
*in her official capacity as Commissioner of the New York State Gaming Commission*

represented by **Katherine Rhodes Janofsky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Zachary Manley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jerry Skurnik**
*in his official capacity as Commissioner of the New York State Gaming Commission*

represented by **Katherine Rhodes Janofsky**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Zachary Manley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **New York State Gaming Commission**<br>*TERMINATED: 07/07/2026* | represented by | **Katherine Rhodes Janofsky**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Zachary Manley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**ADR Provider**

| | | |
|---|---|---|
| **Yuhaaviatam of San Manuel Nation** | represented by | **Michael Hoenig**<br>Yuhaaviatam of San Manuel Nation<br>422 1st St SE<br>Washington, DC 20003<br>909-936-9684<br>Email: michael.hoenig@sanmanuel-nsn.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Jens Wesley Camp**
Hobbs, Straus, Dean & Walker, LLP
1899 L St, NW
Suite 1200
Washington, DC 20036
202-822-8282
Email: jcamp@hobbsstraus.com
*ATTORNEY TO BE NOTICED*

**ADR Provider**

| | | |
|---|---|---|
| **San Manuel Gaming and Hospitality Authority** | represented by | **Michael Hoenig**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Jens Wesley Camp**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

| | | |
|---|---|---|
| **Indian Gaming Association** | represented by | **Elizabeth Bower**<br>1899 L Street NW<br>Suite 1200<br>Washington, DC 20036<br>434-996-0802<br>Email: ebower@hobbsstraus.com<br>*LEAD ATTORNEY* |

*ATTORNEY TO BE NOTICED*

**Jens Wesley Camp**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph H Webster**
Hobbs, Straus, Dean & Walker LLP
1899 L Street, NW
Ste 1200
Washington, DC 20036
202-822-8282
Fax: 202-296-8834
Email: jwebster@hobbsstraus.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bryan Newland**
Powers, Pyles, Sutter & Verville PC
4326 S. Bay Mills Point Rd, Br
Brimley, MI 49715
517-862-5570
Email: bryan.newland@powerslaw.com
*ATTORNEY TO BE NOTICED*

**Scott Crowell**
Crowell Law Offices
1487 W Sr 89 A
Suite 8
Sedona, AZ 86336
425-802-5390
Email: scottcrowell@clotag.net
*ATTORNEY TO BE NOTICED*

**Amicus**

**National Congress of American Indians**　　represented by　**Elizabeth Bower**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jens Wesley Camp**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Crowell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Washington Indian Gaming Association**　　represented by　**Elizabeth Bower**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Jens Wesley Camp**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph H Webster**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Crowell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**California Nations Indian Gaming Association**          represented by **Elizabeth Bower**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jens Wesley Camp**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph H Webster**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Crowell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Arizona Indian Gaming Association**          represented by **Elizabeth Bower**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jens Wesley Camp**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph H Webster**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Crowell**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Minnesota Indian Gaming Association**  represented by **Elizabeth Bower**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jens Wesley Camp**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph H Webster**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Crowell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Oklahoma Indian Gaming Association**  represented by **Elizabeth Bower**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jens Wesley Camp**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph H Webster**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Crowell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**United South and Eastern Tribes**
**Sovereignty Protection Fund**  represented by **Elizabeth Bower**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jens Wesley Camp**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph H Webster**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Crowell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Agua Caliente Band of Cahuilla Indians**    represented by    **Elizabeth Bower**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jens Wesley Camp**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph H Webster**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Crowell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Elk Valley Rancheria**    represented by    **Elizabeth Bower**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jens Wesley Camp**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph H Webster**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Crowell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Karuk Tribe**    represented by    **Elizabeth Bower**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jens Wesley Camp**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph H Webster**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Crowell**
(See above for address)
*TERMINATED: 01/23/2026*

**Amicus**

**Kickapoo Traditional Tribe of Texas**  represented by  **Elizabeth Bower**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jens Wesley Camp**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph H Webster**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Crowell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Klamath Tribes**  represented by  **Elizabeth Bower**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jens Wesley Camp**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph H Webster**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Crowell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Lytton Rancheria of California**                  represented by   **Elizabeth Bower**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jens Wesley Camp**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph H Webster**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Crowell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Mashantucket Pequot Tribal Nation**            represented by   **Elizabeth Bower**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jens Wesley Camp**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph H Webster**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Crowell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Mescalero Apache Tribe of the Mescalero Reservation**              represented by   **Elizabeth Bower**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jens Wesley Camp**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph H Webster**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Crowell**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**Pechanga Band of Indians**                    represented by    **Elizabeth Bower**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jens Wesley Camp**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph H Webster**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Crowell**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**Picayune Rancheria of Chukchansi**            represented by    **Elizabeth Bower**
**Indians of California**                                        (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jens Wesley Camp**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph H Webster**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Crowell**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**Pueblo of Acoma**                              represented by    **Elizabeth Bower**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jens Wesley Camp**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph H Webster**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Crowell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Pueblo of Sandia**                     represented by **Elizabeth Bower**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jens Wesley Camp**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph H Webster**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Crowell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Rincon Band of Luiseno Indians**        represented by **Elizabeth Bower**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jens Wesley Camp**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph H Webster**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Crowell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

| | | |
|---|---|---|
| **Santa Ynez Band of Chumash Mission Indians** | represented by | **Elizabeth Bower** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Jens Wesley Camp** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Joseph H Webster** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Scott Crowell** (See above for address) *ATTORNEY TO BE NOTICED* |

**Amicus**

| | | |
|---|---|---|
| **Seminole Tribe of Florida** | represented by | **Elizabeth Bower** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Jens Wesley Camp** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Joseph H Webster** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Scott Crowell** (See above for address) *ATTORNEY TO BE NOTICED* |

**Amicus**

| | | |
|---|---|---|
| **Table Mountain Rancheria** | represented by | **Elizabeth Bower** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Jens Wesley Camp** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Joseph H Webster** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

**Scott Crowell**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/27/2025 | 1 | COMPLAINT against John A. Crotty, Sylvia B. Hamer, Martin J. Mack, Peter J. Moschetti, Jr, New York State Gaming Commission, Brian O'Dwyer, Marissa Shorenstein, Jerry Skurnik, Robert Williams. (Filing Fee $ 405.00, Receipt Number ANYSDC-31902657)Document filed by KalshiEX LLC..(Mainland, Grant) (Entered: 10/27/2025) |
| 10/27/2025 | 2 | CIVIL COVER SHEET filed..(Mainland, Grant) (Entered: 10/27/2025) |
| 10/27/2025 | 3 | REQUEST FOR ISSUANCE OF SUMMONS as to Brian O'Dwyer, re: 1 Complaint,. Document filed by KalshiEX LLC..(Mainland, Grant) (Entered: 10/27/2025) |
| 10/27/2025 | 4 | REQUEST FOR ISSUANCE OF SUMMONS as to Jerry Skurnik, re: 1 Complaint,. Document filed by KalshiEX LLC..(Mainland, Grant) (Entered: 10/27/2025) |
| 10/27/2025 | 5 | REQUEST FOR ISSUANCE OF SUMMONS as to John A. Crotty, re: 1 Complaint,. Document filed by KalshiEX LLC..(Mainland, Grant) (Entered: 10/27/2025) |
| 10/27/2025 | 6 | REQUEST FOR ISSUANCE OF SUMMONS as to Marissa Shorenstein, re: 1 Complaint,. Document filed by KalshiEX LLC..(Mainland, Grant) (Entered: 10/27/2025) |
| 10/27/2025 | 7 | REQUEST FOR ISSUANCE OF SUMMONS as to Martin J. Mack, re: 1 Complaint,. Document filed by KalshiEX LLC..(Mainland, Grant) (Entered: 10/27/2025) |
| 10/27/2025 | 8 | REQUEST FOR ISSUANCE OF SUMMONS as to Peter J. Moschetti, Jr., re: 1 Complaint,. Document filed by KalshiEX LLC..(Mainland, Grant) (Entered: 10/27/2025) |
| 10/27/2025 | 9 | REQUEST FOR ISSUANCE OF SUMMONS as to Robert Williams, re: 1 Complaint,. Document filed by KalshiEX LLC..(Mainland, Grant) (Entered: 10/27/2025) |
| 10/27/2025 | 10 | REQUEST FOR ISSUANCE OF SUMMONS as to Sylvia B. Hamer, re: 1 Complaint,. Document filed by KalshiEX LLC..(Mainland, Grant) (Entered: 10/27/2025) |
| 10/27/2025 | 11 | REQUEST FOR ISSUANCE OF SUMMONS as to New York State Gaming Commission, re: 1 Complaint,. Document filed by KalshiEX LLC..(Mainland, Grant) (Entered: 10/27/2025) |
| 10/27/2025 | 12 | NOTICE OF APPEARANCE by Andrew Leighton Porter on behalf of KalshiEX LLC.. (Porter, Andrew) (Entered: 10/27/2025) |
| 10/27/2025 | 13 | NOTICE OF APPEARANCE by Karen Wong on behalf of KalshiEX LLC..(Wong, Karen) (Entered: 10/27/2025) |
| 10/27/2025 | 14 | **FILING ERROR - CORPORATE PARENT/OTHER AFFILIATE NOT ADDED -** RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by KalshiEX LLC..(Wong, Karen) Modified on 10/27/2025 (lb). (Entered: 10/27/2025) |
| 10/27/2025 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Notice to Attorney Karen Wong to RE-FILE Document No. 14 Rule 7.1 Corporate Disclosure Statement. The filing is deficient for the following reason(s): the corporate parent/other affiliate was not added;. Re-file the document using the event type Rule 7.1 Corporate Disclosure** |

| | | |
|---|---|---|
| | | **Statement found under the event list Other Documents - select the correct filer/filers - attach the correct signed PDF - when prompted with the message "Are there any corporate parents or other affiliates?", select the Yes or No radio button - If Yes - enter the corporate parent/other affiliate, click the Search button - select the correct corporate parent/other affiliate name from the search results list or if no person found, create a new corporate parent/other affiliate - select the party to whom the corporate parent/other affiliate should be linked - add corporate parent/other affiliate names one at a time. (lb)** (Entered: 10/27/2025) |
| 10/27/2025 | 15 | PROPOSED ORDER TO SHOW CAUSE WITH EMERGENCY RELIEF. Document filed by KalshiEX LLC..(Mainland, Grant) **Proposed Order to Show Cause to be reviewed by Clerk's Office staff.** (Entered: 10/27/2025) |
| 10/27/2025 | 16 | MEMORANDUM OF LAW in Support re: 15 Proposed Order to Show Cause With Emergency Relief . Document filed by KalshiEX LLC..(Mainland, Grant) (Entered: 10/27/2025) |
| 10/27/2025 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Analisa Torres. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district-judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf-related-instructions..(jgo) (Entered: 10/27/2025) |
| 10/27/2025 | | Magistrate Judge Katharine H. Parker is designated to handle matters that may be referred in this case. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf. (jgo) (Entered: 10/27/2025) |
| 10/27/2025 | 17 | DECLARATION of Karen Wong in Support re: 15 Proposed Order to Show Cause With Emergency Relief. Document filed by KalshiEX LLC. (Attachments: # 1 Exhibit 1 - 10/24/25 Letter from R. Williams, # 2 Exhibit 2 -10/27/25 Letter from J. Sterling).(Wong, Karen) (Entered: 10/27/2025) |
| 10/27/2025 | | Case Designated ECF. (jgo) (Entered: 10/27/2025) |
| 10/27/2025 | 18 | DECLARATION of Xavier Sottile in Support re: 15 Proposed Order to Show Cause With Emergency Relief. Document filed by KalshiEX LLC..(Wong, Karen) (Entered: 10/27/2025) |
| 10/27/2025 | | ***NOTICE TO COURT REGARDING PROPOSED ORDER TO SHOW CAUSE WITH EMERGENCY RELIEF. Document No. 15 Proposed Order to Show Cause With Emergency Relief was reviewed and approved as to form. (km) (Entered: 10/27/2025) |
| 10/27/2025 | 19 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Other Affiliate Kalshi Inc. for KalshiEX LLC. Document filed by KalshiEX LLC..(Wong, Karen) (Entered: 10/27/2025) |
| 10/27/2025 | 20 | ELECTRONIC SUMMONS ISSUED as to Brian O'Dwyer..(jgo) (Entered: 10/27/2025) |
| 10/27/2025 | 21 | ELECTRONIC SUMMONS ISSUED as to Jerry Skurnik..(jgo) (Entered: 10/27/2025) |
| 10/27/2025 | 22 | ELECTRONIC SUMMONS ISSUED as to John A. Crotty..(jgo) (Entered: 10/27/2025) |

| 10/27/2025 | 23 | ELECTRONIC SUMMONS ISSUED as to Marissa Shorenstein..(jgo) (Entered: 10/27/2025) |
|---|---|---|
| 10/27/2025 | 24 | ELECTRONIC SUMMONS ISSUED as to Martin J. Mack..(jgo) (Entered: 10/27/2025) |
| 10/27/2025 | 25 | ELECTRONIC SUMMONS ISSUED as to New York State Gaming Commission..(jgo) (Entered: 10/27/2025) |
| 10/27/2025 | 26 | ELECTRONIC SUMMONS ISSUED as to Peter J. Moschetti, Jr..(jgo) (Entered: 10/27/2025) |
| 10/27/2025 | 27 | ELECTRONIC SUMMONS ISSUED as to Robert Williams..(jgo) (Entered: 10/27/2025) |
| 10/27/2025 | 28 | ELECTRONIC SUMMONS ISSUED as to Sylvia B. Hamer..(jgo) (Entered: 10/27/2025) |
| 10/28/2025 | 29 | NOTICE OF APPEARANCE by Katherine Rhodes Janofsky on behalf of John A. Crotty, Sylvia B. Hamer, Martin J. Mack, Peter J. Moschetti, Jr, New York State Gaming Commission, Brian O'Dwyer, Marissa Shorenstein, Jerry Skurnik, Robert Williams.. (Janofsky, Katherine) (Entered: 10/28/2025) |
| 10/28/2025 | 30 | LETTER MOTION for Leave to File The Complaint With the Intended Exhibits addressed to Judge Analisa Torres from Grant R. Mainland dated October 28, 2025. Document filed by KalshiEX LLC..(Mainland, Grant) (Entered: 10/28/2025) |
| 10/28/2025 | 31 | PROPOSED STIPULATION AND ORDER. Document filed by KalshiEX LLC.. (Mainland, Grant) (Entered: 10/28/2025) |
| 10/28/2025 | 32 | NOTICE OF APPEARANCE by Nicole Valente on behalf of KalshiEX LLC..(Valente, Nicole) (Entered: 10/28/2025) |
| 10/28/2025 | 33 | ORDER granting 30 Letter Motion for Leave to File Document. GRANTED. SO ORDERED. (Signed by Judge Analisa Torres on 10/28/2025) (tg) (Entered: 10/28/2025) |
| 10/28/2025 | 34 | STIPULATION AND ORDER: IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for KalshiEX LLC ("Plaintiff") and for Robert Williams, Brian O'Dwyer, John A. Crotty, Sylvia B. Hamer, Martin J. Mack, Peter J. Moschetti, Jr., Marissa Shorenstein, Jerry Skumik, and the New York State Gaming Commission (collectively "Defendants") in the above-captioned matter, as follows: 1. Defendants' time to respond to Plaintiff's Order To Show Cause For Preliminary Injunction And Temporary Restraining Order (ECF Dkt No. 15) ("OTSC") is hereby extended to Wednesday, November 26, 2025. 2. Plaintiff's reply in further support of the OTSC is due on Monday, December 15, 2025. 3. Defendants reserve the right to raise any and all applicable defenses, including any jurisdictional defenses. 4. Defendants will refrain from undertaking enforcement action against Plaintiff regarding any conduct described in the Cease and Desist Letter dated October 24, 2025 and filed as ECF No. 17-1 pending the Court's disposition of Plaintiff's OTSC. 5. The parties request oral argument on the OTSC. 6. A faxed,.pdf or electronic signature on this stipulation shall be deemed an original. SO ORDERED. ( Replies due by 12/15/2025., Show Cause Response due by 11/26/2025.) (Signed by Judge Analisa Torres on 10/28/2025) (tg) (Entered: 10/28/2025) |
| 10/28/2025 | 35 | COMPLAINT against John A. Crotty, Sylvia B. Hamer, Martin J. Mack, Peter J. Moschetti, Jr, New York State Gaming Commission, Brian O'Dwyer, Marissa Shorenstein, Jerry Skurnik, Robert Williams. Document filed by KalshiEX LLC. (Attachments: # 1 Exhibit 1 - 01/22/25 letter from Kalshi to the Secretary of Commission, # 2 Exhibit 2 - 10/24/25 C&D letter from R. Williams to Kalshi).(Mainland, Grant) (Entered: 10/28/2025) |
| 10/31/2025 | 36 | WAIVER OF SERVICE RETURNED EXECUTED. John A. Crotty waiver sent on 10/30/2025, answer due 12/29/2025. Document filed by KalshiEX LLC..(Wong, Karen) |

| | | (Entered: 10/31/2025) |
|---|---|---|
| 10/31/2025 | 37 | WAIVER OF SERVICE RETURNED EXECUTED. Sylvia B. Hamer waiver sent on 10/30/2025, answer due 12/29/2025. Document filed by KalshiEX LLC..(Wong, Karen) (Entered: 10/31/2025) |
| 10/31/2025 | 38 | WAIVER OF SERVICE RETURNED EXECUTED. Martin J. Mack waiver sent on 10/30/2025, answer due 12/29/2025. Document filed by KalshiEX LLC..(Wong, Karen) (Entered: 10/31/2025) |
| 10/31/2025 | 39 | WAIVER OF SERVICE RETURNED EXECUTED. Peter J. Moschetti, Jr waiver sent on 10/30/2025, answer due 12/29/2025. Document filed by KalshiEX LLC..(Wong, Karen) (Entered: 10/31/2025) |
| 10/31/2025 | 40 | WAIVER OF SERVICE RETURNED EXECUTED. New York State Gaming Commission waiver sent on 10/30/2025, answer due 12/29/2025. Document filed by KalshiEX LLC..(Wong, Karen) (Entered: 10/31/2025) |
| 10/31/2025 | 41 | WAIVER OF SERVICE RETURNED EXECUTED. Brian O'Dwyer waiver sent on 10/30/2025, answer due 12/29/2025. Document filed by KalshiEX LLC..(Wong, Karen) (Entered: 10/31/2025) |
| 10/31/2025 | 42 | WAIVER OF SERVICE RETURNED EXECUTED. Marissa Shorenstein waiver sent on 10/30/2025, answer due 12/29/2025. Document filed by KalshiEX LLC..(Wong, Karen) (Entered: 10/31/2025) |
| 10/31/2025 | 43 | WAIVER OF SERVICE RETURNED EXECUTED. Jerry Skurnik waiver sent on 10/30/2025, answer due 12/29/2025. Document filed by KalshiEX LLC..(Wong, Karen) (Entered: 10/31/2025) |
| 10/31/2025 | 44 | WAIVER OF SERVICE RETURNED EXECUTED. Robert Williams waiver sent on 10/30/2025, answer due 12/29/2025. Document filed by KalshiEX LLC..(Wong, Karen) (Entered: 10/31/2025) |
| 11/03/2025 | 45 | MOTION for William Ernest Havemann to Appear Pro Hac Vice . Filing fee $ 200.00. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by KalshiEX LLC. (Attachments: # 1 Affidavit in Support of Motion for Admission Pro Hac Vice, # 2 Exhibit Certificate of Good Standing from the D.C. Bar, # 3 Exhibit Certificate of Good Standing from the Supreme Court of Virginia, # 4 Proposed Order Granting Motion to Appear Pro Hac Vice).(Havemann, William) (Entered: 11/03/2025) |
| 11/03/2025 | 46 | MOTION for Joshua Brooks Sterling to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-31940637. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by KalshiEX LLC. (Attachments: # 1 Affidavit in Support of Motion for Admission Pro Hac Vice, # 2 Exhibit Certificate of Good Standing from the D.C. Bar, # 3 Exhibit Certificate of Good Standing from the State of New York, # 4 Proposed Order Granting Motion to Appear Pro Hac Vice).(Sterling, Joshua) (Entered: 11/03/2025) |
| 11/03/2025 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 45 MOTION for William Ernest Havemann to Appear Pro Hac Vice . Filing fee $ 200.00. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (rju)** (Entered: 11/03/2025) |
| 11/03/2025 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 46 MOTION for Joshua Brooks Sterling to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-31940637. Motion and supporting papers to be** |

| | | |
|---|---|---|
| | | **reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (rju)** (Entered: 11/03/2025) |
| 11/17/2025 | 47 | NOTICE OF APPEARANCE by Zachary Manley on behalf of John A. Crotty, Sylvia B. Hamer, Martin J. Mack, Peter J. Moschetti, Jr, New York State Gaming Commission, Brian O'Dwyer, Marissa Shorenstein, Jerry Skurnik, Robert Williams..(Manley, Zachary) (Entered: 11/17/2025) |
| 11/17/2025 | 48 | LETTER MOTION for Extension of Time *to Respond to the Complaint* addressed to Judge Analisa Torres from Zachary Manley dated Nov. 17, 2025. Document filed by John A. Crotty, Sylvia B. Hamer, Martin J. Mack, Peter J. Moschetti, Jr, New York State Gaming Commission, Brian O'Dwyer, Marissa Shorenstein, Jerry Skurnik, Robert Williams..(Manley, Zachary) (Entered: 11/17/2025) |
| 11/18/2025 | 49 | LETTER MOTION for Leave to File Excess Pages *for Defendants' Memorandum of Law in Opposition* addressed to Judge Analisa Torres from Zachary Manley dated Nov. 18, 2025. Document filed by John A. Crotty, Sylvia B. Hamer, Martin J. Mack, Peter J. Moschetti, Jr, New York State Gaming Commission, Brian O'Dwyer, Marissa Shorenstein, Jerry Skurnik, Robert Williams..(Manley, Zachary) (Entered: 11/18/2025) |
| 11/19/2025 | 50 | ORDER denying 49 Letter Motion for Leave to File Excess Pages. DENIED. SO ORDERED. (Signed by Judge Analisa Torres on 11/19/2025) (sgz) (Entered: 11/20/2025) |
| 11/19/2025 | 51 | ORDER granting 48 Letter Motion for Extension of Time. GRANTED. SO ORDERED. (Signed by Judge Analisa Torres on 11/19/2025) (sgz) (Entered: 11/20/2025) |
| 11/26/2025 | 52 | MEMORANDUM OF LAW in Opposition re: 15 Proposed Order to Show Cause With Emergency Relief . Document filed by John A. Crotty, Sylvia B. Hamer, Martin J. Mack, Peter J. Moschetti, Jr, New York State Gaming Commission, Brian O'Dwyer, Marissa Shorenstein, Jerry Skurnik, Robert Williams..(Janofsky, Katherine) (Entered: 11/26/2025) |
| 11/26/2025 | 53 | DECLARATION of Katherine Rhodes Janofsky in Opposition re: 15 Proposed Order to Show Cause With Emergency Relief. Document filed by John A. Crotty, Sylvia B. Hamer, Martin J. Mack, Peter J. Moschetti, Jr, New York State Gaming Commission, Brian O'Dwyer, Marissa Shorenstein, Jerry Skurnik, Robert Williams. (Attachments: # 1 Exhibit Ex 1 - NYGC Annual Report, # 2 Exhibit Ex 2 - SCA Americas Article, # 3 Exhibit Ex 3 - Event Horizon Newsletter, # 4 Exhibit Ex 4- NYTimes Article Sept. 2025, # 5 Exhibit Ex 5 - Morningstar Article, # 6 Exhibit Ex 6 - NYTimes Article Oct. 2025, # 7 Exhibit Ex 7 - CFTC Advisory, # 8 Exhibit Ex 8 - InGame Article, # 9 Exhibit Ex 9 - Legal Sports Report Article, # 10 Exhibit Ex 10 - DraftKings Website, # 11 Exhibit Ex 11 - NGCB Notice, # 12 Exhibit Ex 12 - Kalshi Exchange Notice, # 13 Exhibit Ex 13 - OASAS Report, # 14 Exhibit Ex 14 - OASAS Addiction Bulletin, # 15 Exhibit Ex 15 - CasinoBeats Article, # 16 Exhibit Ex 16 - Front Office Sports Article, # 17 Exhibit Ex 17 - Athletic Article Nov. 2025, # 18 Exhibit Ex 18 - Athletic Article June 2024, # 19 Exhibit Ex 19 - NCAA Letter to Kalshi, # 20 Exhibit Ex 20 - Kalshi Website College Basketball (Mens), # 21 Exhibit Ex 21 - ESPN Article, # 22 Exhibit Ex 22 - CFTC Website DCM List, # 23 Exhibit Ex 23 - Sportico Article).(Janofsky, Katherine) (Entered: 11/26/2025) |
| 11/26/2025 | 54 | LETTER MOTION for Oral Argument *on ECF No. 15* addressed to Judge Analisa Torres from Katherine Rhodes Janofsky dated 11/26/2025. Document filed by John A. Crotty, Sylvia B. Hamer, Martin J. Mack, Peter J. Moschetti, Jr, New York State Gaming Commission, Brian O'Dwyer, Marissa Shorenstein, Jerry Skurnik, Robert Williams..(Janofsky, Katherine) (Entered: 11/26/2025) |
| 12/03/2025 | 55 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** MOTION for Elizabeth A. Bower to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-32077853. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Indian Gaming Association, National Congress of American Indians, |

| | | |
|---|---|---|
| | | Washington Indian Gaming Association, California Nations Indian Gaming Association, Arizona Indian Gaming Association, Minnesota Indian Gaming Association, Oklahoma Indian Gaming Association, United South and Eastern Tribes Sovereignty Protection Fund, Agua Caliente Band of Cahuilla Indians, Elk Valley Rancheria, Karuk Tribe, Kickapoo Traditional Tribe of Texas, Klamath Tribes, Lytton Rancheria of California, Mashantucket Pequot Tribal Nation, Mescalero Apache Tribe of the Mescalero Reservation, Pechanga Band of Indians, Picayune Rancheria of Chukchansi Indians of California, Pueblo of Acoma, Pueblo of Sandia, Rincon Band of Luiseno Indians, Santa Ynez Band of Chumash Mission Indians, Seminole Tribe of Florida, Table Mountain Rancheria. (Attachments: # 1 Affidavit Affidavit in Support of Motion for Pro Hac Vice, # 2 Proposed Order Proposed Order Granting Pro Hac Vice, # 3 Exhibit Exhibit A - DC Certificate of Good Standing, # 4 Exhibit Exhibit B - WV Certificate of Good Standing). (Bower, Elizabeth) Modified on 12/3/2025 (rju). (Entered: 12/03/2025) |
| 12/03/2025 | 56 | MOTION for Joseph H. Webster to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-32078037. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Agua Caliente Band of Cahuilla Indians, Arizona Indian Gaming Association, California Nations Indian Gaming Association, Elk Valley Rancheria, Indian Gaming Association, Karuk Tribe, Kickapoo Traditional Tribe of Texas, Klamath Tribes, Lytton Rancheria of California, Mashantucket Pequot Tribal Nation, Mescalero Apache Tribe of the Mescalero Reservation, Minnesota Indian Gaming Association, Oklahoma Indian Gaming Association, Pechanga Band of Indians, Picayune Rancheria of Chukchansi Indians of California, Pueblo of Acoma, Pueblo of Sandia, Rincon Band of Luiseno Indians, Santa Ynez Band of Chumash Mission Indians, Seminole Tribe of Florida, Table Mountain Rancheria, United South and Eastern Tribes Sovereignty Protection Fund, Washington Indian Gaming Association. (Attachments: # 1 Affidavit Affidavit in Support of Motion for PHV, # 2 Proposed Order Proposed Order Granting PHV, # 3 Exhibit Exhibit A - DC Certificate of Good Standing).(Webster, Joseph) (Entered: 12/03/2025) |
| 12/03/2025 | 57 | MOTION for Michael Hoenig to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-32078106. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Yuhaaviatam of San Manuel Nation, San Manuel Gaming and Hospitality Authority. (Attachments: # 1 Affidavit Affidavit in Support of Motion, # 2 Proposed Order Proposed Order Granting Motion, # 3 Exhibit Certificate of Good Standing DC Bar, # 4 Exhibit Certificate of Good Standing Kansas Bar).(Hoenig, Michael) (Entered: 12/03/2025) |
| 12/03/2025 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE-FILE Document No. 55 MOTION for Elizabeth A. Bower to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-32077853. Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): missing Certificate of Good Standing from Supreme Court of West Virginia;. Re-file the motion as a Motion to Appear Pro Hac Vice - attach the correct signed PDF - select the correct named filer/filers - attach valid Certificates of Good Standing issued within the past 30 days - attach Proposed Order.. (rju) (Entered: 12/03/2025)** |
| 12/03/2025 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 56 MOTION for Joseph H. Webster to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-32078037. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (rju) (Entered: 12/03/2025)** |
| 12/03/2025 | 58 | MOTION for Jens Wesley Camp to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-32078340. **Motion and supporting papers to be reviewed by** |

| | | |
|---|---|---|
| | | **Clerk's Office staff.** Document filed by Agua Caliente Band of Cahuilla Indians, Arizona Indian Gaming Association, California Nations Indian Gaming Association, Elk Valley Rancheria, Indian Gaming Association, Karuk Tribe, Kickapoo Traditional Tribe of Texas, Klamath Tribes, Lytton Rancheria of California, Mashantucket Pequot Tribal Nation, Mescalero Apache Tribe of the Mescalero Reservation, Minnesota Indian Gaming Association, National Congress of American Indians, Oklahoma Indian Gaming Association, Pechanga Band of Indians, Picayune Rancheria of Chukchansi Indians of California, Pueblo of Acoma, Pueblo of Sandia, Rincon Band of Luiseno Indians, Santa Ynez Band of Chumash Mission Indians, Seminole Tribe of Florida, Table Mountain Rancheria, United South and Eastern Tribes Sovereignty Protection Fund, Washington Indian Gaming Association. (Attachments: # 1 Affidavit Affidavit in Support of Motion for PHV, # 2 Proposed Order Proposed Order Granting PHV Motion, # 3 Exhibit Exhibit A - DC Bar Certificate of Good Standing, # 4 Exhibit Exhibit B - AZ Bar Certificate of Good Standing).(Camp, Jens) (Entered: 12/03/2025) |
| 12/03/2025 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 57 MOTION for Michael Hoenig to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-32078106. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (rju)** (Entered: 12/03/2025) |
| 12/03/2025 | 59 | MOTION for Scott David Crowell to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-32078479. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Agua Caliente Band of Cahuilla Indians, Arizona Indian Gaming Association, California Nations Indian Gaming Association, Elk Valley Rancheria, Indian Gaming Association, Karuk Tribe, Kickapoo Traditional Tribe of Texas, Klamath Tribes, Lytton Rancheria of California, Mashantucket Pequot Tribal Nation, Mescalero Apache Tribe of the Mescalero Reservation, Minnesota Indian Gaming Association, National Congress of American Indians, Oklahoma Indian Gaming Association, Pechanga Band of Indians, Picayune Rancheria of Chukchansi Indians of California, Pueblo of Acoma, Pueblo of Sandia, Rincon Band of Luiseno Indians, Santa Ynez Band of Chumash Mission Indians, Seminole Tribe of Florida, Table Mountain Rancheria, United South and Eastern Tribes Sovereignty Protection Fund, Washington Indian Gaming Association. (Attachments: # 1 Affidavit of Scott D. Crowell in Support of Motion to Appear Pro Has Vice, # 2 Exhibit "A" in Support of Affidavit of Scott D. Crowell-Certificates of Good Standing, # 3 Proposed Order Granting Scott D. Crowell Motion to Appear Pro Hac Vice).(Crowell, Scott) (Entered: 12/03/2025) |
| 12/03/2025 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 58 MOTION for Jens Wesley Camp to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-32078340. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (rju)** (Entered: 12/03/2025) |
| 12/03/2025 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 59 MOTION for Scott David Crowell to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-32078479. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (rju)** (Entered: 12/03/2025) |
| 12/03/2025 | 60 | LETTER MOTION to File Amicus Brief addressed to Judge Analisa Torres from Joseph H. Webster dated December 3, 2025. Document filed by Agua Caliente Band of Cahuilla Indians, Arizona Indian Gaming Association, California Nations Indian Gaming Association, Elk Valley Rancheria, Indian Gaming Association, Karuk Tribe, Kickapoo Traditional Tribe of Texas, Klamath Tribes, Lytton Rancheria of California, Mashantucket Pequot Tribal Nation, Mescalero Apache Tribe of the Mescalero Reservation, Minnesota |

| | | |
|---|---|---|
| | | Indian Gaming Association, National Congress of American Indians, Oklahoma Indian Gaming Association, Pechanga Band of Indians, Picayune Rancheria of Chukchansi Indians of California, Pueblo of Acoma, Pueblo of Sandia, Rincon Band of Luiseno Indians, San Manuel Gaming and Hospitality Authority, Santa Ynez Band of Chumash Mission Indians, Seminole Tribe of Florida, Table Mountain Rancheria, United South and Eastern Tribes Sovereignty Protection Fund, Washington Indian Gaming Association, Yuhaaviatam of San Manuel Nation. (Attachments: # 1 Exhibit Exhibit A - [Proposed] Tribal Amicus Brief).(Camp, Jens) (Entered: 12/03/2025) |
| 12/04/2025 | 61 | ORDER: Accordingly, by December 8, 2025, the parties shall file a joint letter detailing which facts relevant to Plaintiff's pending motion, if any, are in dispute. If the parties wish to argue only issues of law, they shall jointly define the issues for oral argument by that same date. SO ORDERED. (Signed by Judge Analisa Torres on 12/4/2025) (vfr) (Entered: 12/04/2025) |
| 12/04/2025 | 62 | ORDER granting 60 Letter Motion to File Amicus Brief. GRANTED. By December 8, 2025, the Tribal Amici shall file their brief attached as Exhibit A. SO ORDERED. (Signed by Judge Analisa Torres on 12/4/2025) (vfr) (Entered: 12/04/2025) |
| 12/04/2025 | | Set/Reset Deadlines: Brief due by 12/8/2025. (vfr) (Entered: 12/04/2025) |
| 12/08/2025 | 63 | ORDER granting 45 Motion for William Ernest Havemann to Appear Pro Hac Vice (HEREBY ORDERED by Judge Analisa Torres)(Text Only Order)(ts) (Entered: 12/08/2025) |
| 12/08/2025 | 64 | ORDER granting 46 Motion for Joshua Brooks Sterling to Appear Pro Hac Vice (HEREBY ORDERED by Judge Analisa Torres)(Text Only Order)(ts) (Entered: 12/08/2025) |
| 12/08/2025 | 65 | ORDER granting 56 Motion for Joseph H. Webster to Appear Pro Hac Vice (HEREBY ORDERED by Judge Analisa Torres)(Text Only Order)(ts) (Entered: 12/08/2025) |
| 12/08/2025 | 66 | BRIEF *of Tribal Amici*. Document filed by Agua Caliente Band of Cahuilla Indians, Arizona Indian Gaming Association, California Nations Indian Gaming Association, Elk Valley Rancheria, Indian Gaming Association, Karuk Tribe, Kickapoo Traditional Tribe of Texas, Klamath Tribes, Lytton Rancheria of California, Mashantucket Pequot Tribal Nation, Mescalero Apache Tribe of the Mescalero Reservation, Minnesota Indian Gaming Association, National Congress of American Indians, Oklahoma Indian Gaming Association, Pechanga Band of Indians, Picayune Rancheria of Chukchansi Indians of California, Pueblo of Acoma, Pueblo of Sandia, Rincon Band of Luiseno Indians, San Manuel Gaming and Hospitality Authority, Santa Ynez Band of Chumash Mission Indians, Seminole Tribe of Florida, Table Mountain Rancheria, United South and Eastern Tribes Sovereignty Protection Fund, Washington Indian Gaming Association, Yuhaaviatam of San Manuel Nation..(Camp, Jens) (Entered: 12/08/2025) |
| 12/08/2025 | 67 | JOINT LETTER addressed to Judge Analisa Torres from Andrew Porter and Katherine Rhodes Janofsky dated December 8, 2025 re: Response to Court's December 4, 2025 Order. Document filed by KalshiEX LLC..(Porter, Andrew) (Entered: 12/08/2025) |
| 12/10/2025 | 68 | MOTION for Elizabeth A. Bower to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Agua Caliente Band of Cahuilla Indians, Arizona Indian Gaming Association, California Nations Indian Gaming Association, Elk Valley Rancheria, Indian Gaming Association, Karuk Tribe, Kickapoo Traditional Tribe of Texas, Klamath Tribes, Lytton Rancheria of California, Mashantucket Pequot Tribal Nation, Mescalero Apache Tribe of the Mescalero Reservation, Minnesota Indian Gaming Association, National Congress of American Indians, Oklahoma Indian Gaming Association, Pechanga Band of Indians, Picayune Rancheria of Chukchansi Indians of California, Pueblo of Acoma, Pueblo of Sandia, |

| | | |
|---|---|---|
| | | Rincon Band of Luiseno Indians, Santa Ynez Band of Chumash Mission Indians, Seminole Tribe of Florida, Table Mountain Rancheria, United South and Eastern Tribes Sovereignty Protection Fund, Washington Indian Gaming Association. (Attachments: # 1 Affidavit Affidavit in Support of Motion for Pro Hac Vice, # 2 Proposed Order Proposed Order Granting Pro Hac Vice, # 3 Exhibit Exhibit A - DC Certificate of Good Standing, # 4 Exhibit Exhibit B - WV Certificate of Good Standing).(Bower, Elizabeth) (Entered: 12/10/2025) |
| 12/10/2025 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 68 MOTION for Elizabeth A. Bower to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (rju)** (Entered: 12/10/2025) |
| 12/11/2025 | 69 | ORDER granting 57 Motion for Michael Hoenig to Appear Pro Hac Vice (HEREBY ORDERED by Judge Analisa Torres)(Text Only Order)(ts) (Entered: 12/11/2025) |
| 12/11/2025 | 70 | ORDER granting 58 Motion for Jens Wesley Camp to Appear Pro Hac Vice (HEREBY ORDERED by Judge Analisa Torres)(Text Only Order)(ts) (Entered: 12/11/2025) |
| 12/11/2025 | 71 | ORDER granting 59 Motion for Scott David Crowell to Appear Pro Hac Vice (HEREBY ORDERED by Judge Analisa Torres)(Text Only Order)(ts) (Entered: 12/11/2025) |
| 12/11/2025 | 72 | ORDER granting 68 Motion for Elizabeth A. Bower to Appear Pro Hac Vice (HEREBY ORDERED by Judge Analisa Torres)(Text Only Order)(ts) (Entered: 12/11/2025) |
| 12/15/2025 | 73 | ORDER denying without prejudice 54 Letter Motion for Oral Argument. The parties have requested oral argument on Plaintiff's pending motion for a preliminary and permanent injunction. See ECF No. 54; see also Compl., ECF No. 1; Mem., ECF No. 15; Stipulation and Order at 2, ECF No. 34. Because the "parties have conferred and agree that there are no relevant facts in dispute that necessitate an evidentiary hearing and disputed facts are amendable to complete resolution on a paper record." Joint Ltr. at 2, ECF No. 67, the parties' motion for oral argument is DENIED without prejudice. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 54. SO ORDERED. (Signed by Judge Analisa Torres on 12/15/2025) (vfr) (Entered: 12/15/2025) |
| 12/15/2025 | 74 | LETTER MOTION to Seal *Exhibits 3 and 4 to the Declaration of Karen Wong in Support of Plaintiff's Reply* addressed to Judge Analisa Torres from Andrew Porter dated December 15, 2025. Document filed by KalshiEX LLC..(Porter, Andrew) (Entered: 12/15/2025) |
| 12/15/2025 | 75 | DECLARATION of Xavier Sottile in Support re: 74 LETTER MOTION to Seal *Exhibits 3 and 4 to the Declaration of Karen Wong in Support of Plaintiff's Reply* addressed to Judge Analisa Torres from Andrew Porter dated December 15, 2025.. Document filed by KalshiEX LLC..(Porter, Andrew) (Entered: 12/15/2025) |
| 12/15/2025 | 76 | REPLY MEMORANDUM OF LAW in Support re: 15 Proposed Order to Show Cause With Emergency Relief . Document filed by KalshiEX LLC..(Mainland, Grant) (Entered: 12/15/2025) |
| 12/15/2025 | 77 | DECLARATION of Xavier Sottile in Support re: 15 Proposed Order to Show Cause With Emergency Relief. Document filed by KalshiEX LLC..(Mainland, Grant) (Entered: 12/15/2025) |
| 12/15/2025 | 78 | ***SELECTED PARTIES***DECLARATION of Karen Wong in Support re: 15 Proposed Order to Show Cause With Emergency Relief. Document filed by KalshiEX LLC. (Attachments: # 1 Exhibit 3 - KalshiEx Letter to CFTC, # 2 Exhibit 4 - Confidential Memorandum, # 3 Exhibit 5 - 2024-09-19 Oral Argument Transcript)Motion or Order to File Under Seal: 74 .(Mainland, Grant) (Entered: 12/15/2025) |

| | | |
|---|---|---|
| 12/15/2025 | 79 | DECLARATION of Karen Wong in Support re: 15 Proposed Order to Show Cause With Emergency Relief. Document filed by KalshiEX LLC. (Attachments: # 1 Exhibit [Redacted] 3 - KalshiEx Letter to CFTC, # 2 Exhibit [Redacted] 4 - Confidential Memorandum, # 3 Exhibit 5 - 2024-09-19 Oral Argument Transcript).(Mainland, Grant) (Entered: 12/15/2025) |
| 12/15/2025 | 80 | CERTIFICATE OF SERVICE of Exhibits 3 and 4 to the Declaration of Karen Wong in Support of Reply served on Defendants' Counsel on December 15, 2025. Document filed by KalshiEX LLC..(Mainland, Grant) (Entered: 12/15/2025) |
| 12/16/2025 | 81 | LETTER MOTION for Leave to File Sur-Reply in further opposition to Plaintiff's request for preliminary injunctive relief *on ECF No. 15* addressed to Judge Analisa Torres from Katherine Rhodes Janofsky dated 12/16/2025. Document filed by John A. Crotty, Sylvia B. Hamer, Martin J. Mack, Peter J. Moschetti, Jr, New York State Gaming Commission, Brian O'Dwyer, Marissa Shorenstein, Jerry Skurnik, Robert Williams. (Attachments: # 1 Exhibit Ex 1 - Screenshot of CFTC Website Listing Kalshi Contracts, # 2 Exhibit Ex 2 - Kalshi Letter to CFTC).(Janofsky, Katherine) (Entered: 12/16/2025) |
| 12/17/2025 | 82 | LETTER RESPONSE to Motion addressed to Judge Analisa Torres from Andrew L. Porter dated December 17, 2025 re: 81 LETTER MOTION for Leave to File Sur-Reply in further opposition to Plaintiff's request for preliminary injunctive relief *on ECF No. 15* addressed to Judge Analisa Torres from Katherine Rhodes Janofsky dated 12/16/2025. . Document filed by KalshiEX LLC..(Porter, Andrew) (Entered: 12/17/2025) |
| 12/18/2025 | 83 | FIRST MOTION for Bryan Newland to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-32158789. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Indian Gaming Association. Return Date set for 12/18/2025 at 05:15 PM. (Attachments: # 1 Affidavit Affidavit for Motion to Appear Pro Hac Vice, # 2 Proposed Order Proposed Order to Appear Pro Hac Vice, # 3 Supplement Certificate of Good Standing).(Newland, Bryan) (Entered: 12/18/2025) |
| 12/18/2025 | 84 | ORDER granting 81 Letter Motion for Leave to File Document. GRANTED. By December 22, 2025, Defendants shall file their sur-reply, which shall not exceed 625 words. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 81. SO ORDERED.. (Signed by Judge Analisa Torres on 12/18/2025) (ks) (Entered: 12/18/2025) |
| 12/18/2025 | | Set/Reset Deadlines: Surreplies due by 12/22/2025. (ks) (Entered: 12/18/2025) |
| 12/19/2025 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 83 FIRST MOTION for Bryan Newland to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-32158789. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bc)** (Entered: 12/19/2025) |
| 12/19/2025 | 85 | ORDER granting 83 Motion for Bryan Newland to Appear Pro Hac Vice (HEREBY ORDERED by Judge Analisa Torres)(Text Only Order)(ts) (Entered: 12/19/2025) |
| 12/22/2025 | 86 | SUPPLEMENTAL REPLY MEMORANDUM OF LAW in Opposition re: 15 Proposed Order to Show Cause With Emergency Relief, 84 Order on Motion for Leave to File Document, *Sur-Reply in Further Opposition to ECF No. 15*. Document filed by John A. Crotty, Sylvia B. Hamer, Martin J. Mack, Peter J. Moschetti, Jr, New York State Gaming Commission, Brian O'Dwyer, Marissa Shorenstein, Jerry Skurnik, Robert Williams..(Janofsky, Katherine) (Entered: 12/22/2025) |
| 12/30/2025 | 87 | CONSENT MOTION for Scott David Crowell to Withdraw as Attorney *Only as to the Representation of Karuk Tribe*. Document filed by Agua Caliente Band of Cahuilla Indians, Arizona Indian Gaming Association, California Nations Indian Gaming |

| | | |
|---|---|---|
| | | Association, Elk Valley Rancheria, Indian Gaming Association, Kickapoo Traditional Tribe of Texas, Klamath Tribes, Lytton Rancheria of California, Mashantucket Pequot Tribal Nation, Mescalero Apache Tribe of the Mescalero Reservation, Minnesota Indian Gaming Association, National Congress of American Indians, Oklahoma Indian Gaming Association, Pechanga Band of Indians, Picayune Rancheria of Chukchansi Indians of California, Pueblo of Acoma, Pueblo of Sandia, Rincon Band of Luiseno Indians, Santa Ynez Band of Chumash Mission Indians, Seminole Tribe of Florida, Table Mountain Rancheria, United South and Eastern Tribes Sovereignty Protection Fund, Washington Indian Gaming Association. (Attachments: # 1 Affidavit in Support of Scott D. Crowell Unopposed Motion for Limited Withdrawal of Representation Only to Karuk Tribe, # 2 Proposed Order Granting Scott D. Crowell Unopposed Motion of Scott D. Crowell for Limited Withdrawal as to Representation Only to Karuk Tribe).(Crowell, Scott) (Entered: 12/30/2025) |
| 01/20/2026 | 88 | NOTICE of Supplemental Authority re: 15 Proposed Order to Show Cause With Emergency Relief. Document filed by John A. Crotty, Sylvia B. Hamer, Martin J. Mack, Peter J. Moschetti, Jr, New York State Gaming Commission, Brian O'Dwyer, Marissa Shorenstein, Jerry Skurnik, Robert Williams. (Attachments: # 1 Exhibit 1).(Manley, Zachary) (Entered: 01/20/2026) |
| 01/23/2026 | 89 | ORDER granting 87 Motion to Withdraw as Attorney. GRANTED. SO ORDERED. (Signed by Judge Analisa Torres on 1/23/2026) Attorney Scott Crowell terminated. (ar) (Entered: 01/23/2026) |
| 02/05/2026 | 90 | NOTICE of Supplemental Authority re: 15 Proposed Order to Show Cause With Emergency Relief. Document filed by KalshiEX LLC. (Attachments: # 1 Exhibit 1 -- Remarks of Chairman Michael S. Selig, # 2 Exhibit 2 -- CFTCs February 4, 2026 Press Release).(Mainland, Grant) (Entered: 02/05/2026) |
| 02/23/2026 | 91 | NOTICE of of Supplemental Authority. Document filed by KalshiEX LLC. (Attachments: # 1 Exhibit Middle District of Tennessee Opinion, # 2 Exhibit CFTC Amicus Brief). (Mainland, Grant) (Entered: 02/23/2026) |
| 02/23/2026 | 92 | Objection re: 90 Notice (Other), 15 Proposed Order to Show Cause With Emergency Relief, 91 Notice (Other) *Defendants' Objections to Plaintiff's Notices of Supplemental Authorities ECF Nos. 90 & 91*. Document filed by John A. Crotty, Sylvia B. Hamer, Martin J. Mack, Peter J. Moschetti, Jr, New York State Gaming Commission, Brian O'Dwyer, Marissa Shorenstein, Jerry Skurnik, Robert Williams..(Janofsky, Katherine) (Entered: 02/23/2026) |
| 03/09/2026 | 93 | NOTICE of Supplemental Authority re: 15 Proposed Order to Show Cause With Emergency Relief. Document filed by John A. Crotty, Sylvia B. Hamer, Martin J. Mack, Peter J. Moschetti, Jr, New York State Gaming Commission, Brian O'Dwyer, Marissa Shorenstein, Jerry Skurnik, Robert Williams. (Attachments: # 1 Exhibit 1).(Manley, Zachary) (Entered: 03/09/2026) |
| 04/07/2026 | 94 | LETTER addressed to Judge Analisa Torres from Grant R. Mainland dated April 7, 2026 re: Providing Supplemental Authority. Document filed by KalshiEX LLC. (Attachments: # 1 Exhibit 1 - CA3 Slip Op, # 2 Exhibit 2 - D. Conn. Compl, # 3 Exhibit 3 - D. Ariz. Compl, # 4 Exhibit 4 - N.D. Ill. Compl).(Mainland, Grant) (Entered: 04/07/2026) |
| 04/10/2026 | 95 | NOTICE OF APPEARANCE by Matthew Joseph Laroche on behalf of KalshiEX LLC.. (Laroche, Matthew) (Entered: 04/10/2026) |
| 04/10/2026 | 96 | Objection re: 90 Notice (Other), 15 Proposed Order to Show Cause With Emergency Relief, 94 Letter, 91 Notice (Other) *Defendants' Objections to Plaintiff's Letter re Providing Supplemental Authority ECF No. 94 and, In the Alternative, Request for Leave to File Supplemental Materials and Response*. Document filed by John A. Crotty, Sylvia |

| | | |
|---|---|---|
| | | B. Hamer, Martin J. Mack, Peter J. Moschetti, Jr, New York State Gaming Commission, Brian O'Dwyer, Marissa Shorenstein, Jerry Skurnik, Robert Williams..(Janofsky, Katherine) (Entered: 04/10/2026) |
| 04/28/2026 | 97 | NOTICE of Supplemental Authority. Document filed by John A. Crotty, Sylvia B. Hamer, Martin J. Mack, Peter J. Moschetti, Jr, New York State Gaming Commission, Brian O'Dwyer, Marissa Shorenstein, Jerry Skurnik, Robert Williams. (Attachments: # 1 Exhibit 1).(Manley, Zachary) (Entered: 04/28/2026) |
| 04/29/2026 | 98 | NOTICE of Supplemental Authority re: 15 Proposed Order to Show Cause With Emergency Relief. Document filed by John A. Crotty, Sylvia B. Hamer, Martin J. Mack, Peter J. Moschetti, Jr, New York State Gaming Commission, Brian O'Dwyer, Marissa Shorenstein, Jerry Skurnik, Robert Williams. (Attachments: # 1 Exhibit 1 - Nevada State Court Decision and Order).(Manley, Zachary) (Entered: 04/29/2026) |
| 05/13/2026 | 99 | LETTER addressed to Judge Analisa Torres from Matthew Laroche dated May 13, 2026 re: Advise the Court of Potential Related Cases. Document filed by KalshiEX LLC.. (Laroche, Matthew) (Entered: 05/13/2026) |
| 05/14/2026 | 100 | LETTER addressed to Judge Analisa Torres from Katherine Rhodes Janofsky dated 05/14/2026 re: Defendants' Response to Plaintiff's Letter re: Advise the Court of Potential Related Cases ECF No. 99. Document filed by John A. Crotty, Sylvia B. Hamer, Martin J. Mack, Peter J. Moschetti, Jr, New York State Gaming Commission, Brian O'Dwyer, Marissa Shorenstein, Jerry Skurnik, Robert Williams..(Janofsky, Katherine) (Entered: 05/14/2026) |
| 05/15/2026 | 101 | LETTER addressed to Judge Analisa Torres from Matthew Laroche dated May 15, 2026 re: Response to Defendants' May 14, 2026 Opposition to KalshiEX LLC's Related Case Letter. Document filed by KalshiEX LLC..(Laroche, Matthew) (Entered: 05/15/2026) |
| 06/17/2026 | 102 | NOTICE of Supplemental Authority re: 15 Proposed Order to Show Cause With Emergency Relief. Document filed by John A. Crotty, Sylvia B. Hamer, Martin J. Mack, Peter J. Moschetti, Jr, New York State Gaming Commission, Brian O'Dwyer, Marissa Shorenstein, Jerry Skurnik, Robert Williams. (Attachments: # 1 Exhibit Exhibit 1). (Janofsky, Katherine) (Entered: 06/17/2026) |
| 06/18/2026 | 103 | NOTICE of Supplemental Authority re: 15 Proposed Order to Show Cause With Emergency Relief. Document filed by John A. Crotty, Sylvia B. Hamer, Martin J. Mack, Peter J. Moschetti, Jr, New York State Gaming Commission, Brian O'Dwyer, Marissa Shorenstein, Jerry Skurnik, Robert Williams. (Attachments: # 1 Exhibit Exhibit 1). (Janofsky, Katherine) (Entered: 06/18/2026) |
| 06/25/2026 | 104 | LETTER addressed to Judge Analisa Torres from Andrew L. Porter dated June 25, 2026 re: Response to Defendants' Notices of Supplemental Authority. Document filed by KalshiEX LLC..(Porter, Andrew) (Entered: 06/25/2026) |
| 07/02/2026 | 105 | LETTER MOTION for Leave to File Reply *to Plaintiff's Response to Defendants' Notices of Supplemental Authority (ECF 104) or Request that the Court Disregard Plaintiff's Arguments in the Response Letter* addressed to Judge Analisa Torres from Zachary Manley dated July 2, 2026. Document filed by John A. Crotty, Sylvia B. Hamer, Martin J. Mack, Peter J. Moschetti, Jr, New York State Gaming Commission, Brian O'Dwyer, Marissa Shorenstein, Jerry Skurnik, Robert Williams. (Attachments: # 1 Exhibit 1 - June 26, 2026 Email Thread).(Manley, Zachary) (Entered: 07/02/2026) |
| 07/07/2026 | 106 | OPINION AND ORDER re: 74 LETTER MOTION to Seal *Exhibits 3 and 4 to the Declaration of Karen Wong in Support of Plaintiff's Reply* addressed to Judge Analisa Torres from Andrew Porter dated December 15, 2025. filed by KalshiEX LLC. For the foregoing reasons, Kalshi's motion for a preliminary injunction is DENIED. Kalshi's |

| | | |
|---|---|---|
| | | motion to seal is GRANTED. The Clerk of Court is respectfully directed to terminate the motion at ECF Nos. 74 and terminate the New York State Gaming Commission from the docket. SO ORDERED. New York State Gaming Commission terminated. (Signed by Judge Analisa Torres on 7/7/2026) (vfr) (Entered: 07/07/2026) |
| 07/07/2026 | 107 | NOTICE OF INTERLOCUTORY APPEAL from 106 Memorandum & Opinion, Add and Terminate Parties,,,,. Document filed by KalshiEX LLC. Filing fee $ 605.00, receipt number ANYSDC-33102148. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Mainland, Grant) (Entered: 07/07/2026) |
| 07/08/2026 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 107 Notice of Interlocutory Appeal. (tp) (Entered: 07/08/2026) |
| 07/08/2026 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 107 Notice of Interlocutory Appeal, filed by KalshiEX LLC were transmitted to the U.S. Court of Appeals. (tp) (Entered: 07/08/2026) |
| 07/09/2026 | 108 | ORDER denying as moot 105 Letter Motion for Leave to File Document. Thus, Defendants' July 2, 2026, motion for leave to file a reply to Plaintiff's notice of supplemental authority is moot. See ECF No. 105. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 105. SO ORDERED. (Signed by Judge Analisa Torres on 7/9/2026) (vfr) (Entered: 07/09/2026) |
| 07/13/2026 | 109 | ORDER: On July 7, 2026, the Court filed an Opinion and Order in this action, which denied Plaintiff's motion for a temporary restraining order and preliminary injunction. See ECF No. 106. Page 18 of the Opinion and Order contained a scrivener's error. The original text, in relevant part, read as follows: The CFTC holds the authority to determine whether a contract is legal. See 7 U.S.C. § a-2(c)(5)(C)(i) ("The [Gaming] Commission may determine that... [event] contracts... are contrary to the public interest" if they involve "gaming").... Because 7 U.S.C. § 7a-2(c)(5)(i) references the Commodity and Futures Trading Commission ("CFTC"), instead of the New York State Gaming Commission (the "Gaming Commission"), the Court corrects the scrivener's error in an amended Opinion and Order, which is annexed below. See Fed. R. Civ. P. 60(a). The amended text reads as follows: The CFTC holds the authority to determine whether a contract is legal. See 7 U.S.C. §7a-2(c)(5)(C)(i) ("The [CFTC] may determine that... [event] contracts... are contrary to the public interest" if they involve "gaming").... SO ORDERED. (Signed by Judge Analisa Torres on 7/13/2026) (vfr) (Entered: 07/13/2026) |
| 07/15/2026 | 110 | LETTER MOTION for Leave to File Motion for an Emergency Injunction Pending Appeal addressed to Judge Analisa Torres from Grant R. Mainland dated July 15, 2026. Document filed by KalshiEX LLC..(Mainland, Grant) (Entered: 07/15/2026) |
| 07/16/2026 | 111 | ORDER: On July 15, 2026, Plaintiff, KalshiEX LLC ("Kalshi"), submitted a letter motion for an emergency injunction pending appeal from the Court's Opinion and Order denying Kalshi's motion for a preliminary injunction. See ECF No. 110. Pursuant Rule III(A)(ii) of the undersigned's Individual Practices in Civil Cases, Defendants shall submit an opposition letter by July 22, 2026. SO ORDERED. Responses due by 7/22/2026 (Signed by Judge Analisa Torres on 7/16/2026) (vfr) (Entered: 07/16/2026) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 07/20/2026 12:20:03 | | | |
| PACER Login: | mthm1720 | Client Code: | 49130.00016 |
| Description: | Docket Report | Search Criteria: | 1:25-cv-08846-AT |

| Billable Pages: | 28 | Cost: | 2.80 |
|---|---|---|---|

Case: 26-1835, 07/21/2026, DktEntry: 13.1, Page 37 of 62

| Billable Pages: | 28 | Cost: | 2.80 |
|---|---|---|---|

# EXHIBIT C

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  7/7/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KALSHIEX LLC,

                       Plaintiff,

      -against-

ROBERT WILLIAMS, in his official capacity as
Executive Director of the New York State
Gaming Commission; BRIAN O'DWYER, in his
official capacity as Chair and Commissioner of
the New York State Gaming Commission; JOHN
A. CROTTY, in his official capacity as
Commissioner of the New York State Gaming
Commission; SYLVIA B. HAMER, in her
official capacity as Commissioner of the New
York State Gaming Commission; MARTIN J.
MACK, in his official capacity as Commissioner
of the New York State Gaming Commission;
PETER J. MOSCHETTI, JR., in his official
capacity as Vice Chair and Commissioner of the
New York State Gaming Commission;
MARISSA SHORENSTEIN, in her official
capacity as Commissioner of the New York State
Gaming Commission; JERRY SKURNIK, in his
official capacity as Commissioner of the New
York State Gaming Commission; and the NEW
YORK STATE GAMING COMMISSION,

                       Defendants.

25 Civ. 8846 (AT)

**OPINION
AND
<u>ORDER</u>**

ANALISA TORRES, District Judge:

Plaintiff, KalshiEX LLC ("Kalshi"), moves for a temporary restraining order and

preliminary injunction against the New York State Gaming Commission (the "Gaming

Commission") and the following Gaming Commission officials: Robert Williams, Executive

Director and Commissioner, Brian O'Dwyer, Chair and Commissioner, Peter J. Moschetti, Jr.,

Vice Chair and Commissioner, and Commissioners Jerry Skurnik, John A. Crotty, Marissa

Shorenstein, Martin J. Mack, and Sylvia B. Hamer (collectively, "Defendants"). *See* Proposed

Order to Show Cause ("POTSC"), ECF No. 15. Kalshi seeks an order enjoining Defendants

from enforcing New York state gambling laws against its offering of sports-related event contracts in New York during the pendency of this action. *See id.*; *see also* Mem., ECF No. 16; Wong Decl. I, ECF No. 17; Sottile Decl. I, ECF No. 18; Opp., ECF No. 52; Janofsky Decl., ECF No. 53; Reply, ECF No. 76; Sottile Decl. II, ECF No. 75; Wong Decl. II, ECF No. 79; Sur-reply, ECF No. 86. For the reasons stated below, Kalshi's motion is denied.

## BACKGROUND[1]

### I.    Event Contracts

The Commodity Exchange Act ("CEA") provides a "comprehensive regulatory structure to oversee the volatile and esoteric futures trading complex." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran*, 456 U.S. 353, 356, 360–67 (1982). Under the CEA, the Commodity Futures Trading Commission ("CFTC") regulates the trade of financial derivatives. "A derivative is a financial instrument or contract whose price is directly dependent upon (i.e.[,] derived from) the value of one or more underlying assets—for example, commodities (like corn and wheat), securities, or debt instruments." *KalshiEX LLC v. Commodity Futures Trading Comm'n ("KalshiEX D.D.C.")*, No. Civ. 23-3257, 2024 WL 4164694, at *1 (D.D.C. Sep. 12, 2024) (internal quotation marks and citations omitted), *appeal dismissed*, No. Civ. 24-5205, 2025 WL 1349979 (D.C. Cir. May 7, 2025).

Subject to certain exceptions, the CFTC has "exclusive jurisdiction" to regulate various types of derivatives. Section 2(a)(1)(A) of the CEA states that the CFTC:

> shall have exclusive jurisdiction . . . with respect to accounts, agreements . . . , and transactions involving swaps or contracts of sale of a commodity for future delivery (including significant price discovery contracts), traded or executed on a contract market designated pursuant to section 7 of this title or a swap execution

---

[1] Having reviewed the parties' briefing, the Court finds that the material facts are not in dispute and, therefore, decides Plaintiffs' motion for a preliminary injunction without a hearing. *See* ECF No. 67 at 2 ("The parties have conferred and agree that there are no relevant facts in dispute that necessitate an evidentiary hearing and disputed facts are amenable to complete resolution on a paper record.").

2

facility pursuant to section 7b-3 of this title or any other board of trade, exchange, or market, and transactions subject to regulation by the [CFTC] pursuant to section 23 of this title.

7 U.S.C. § 2(a)(1)(A).

This lawsuit concerns a specific type of derivative called an "event contract." *See* Am. Compl. ¶ 2, ECF No. 35 ("Kalshi . . . offers consumers the chance to trade in many types of event contracts, including, as relevant here, sports-event contracts."). An event contract is a type of derivative contract "whose payoff is based on a specified event, occurrence, or value." *KalshiEX D.D.C.*, 2024 WL 4164694, at *2. Buyers of event contracts may trade "several possible outcomes" on any future event, and most commonly, they will trade either a "yes" or "no" position. Am. Compl. ¶ 27. The seller of an event contract implicitly takes the opposite position regarding the outcome of the event. If the buyer takes a position on a possible outcome of a future event and then that outcome actually occurs, they will receive a payment from the seller. *Id*.

> For example, a derivatives contract might center around whether an earthquake will take place in Los Angeles County before December 31, 2025. A purchaser may trade on either the 'yes' or the 'no' position on the contract. If an earthquake does take place in Los Angeles County before the end of the calendar year, then the "yes" positions would be paid out.

*Id.* Traders can buy or sell event contracts for a specific value any time before they expire.

An entity that seeks to list and publicly trade its event contracts must apply to the CFTC to be a designated contract market ("DCM"). *See* 7 U.S.C. §§ 2(e), 7(a). Under the CEA, DCMs are permitted to list contracts without prior CFTC approval by self-certifying that those contracts comply with applicable law. *See* 7 U.S.C. § 7a-2(c)(1); 17 C.F.R. § 40.2 (a)(2) (requiring DCMs to wait one business day before publicly trading self-certified contracts). In 2010, when Congress amended the CEA under the Dodd-Frank Wall Street Reform and Consumer Protection Act, it created a "[s]pecial rule for review and approval of event contracts and swaps contracts"

3

(the "Special Rule").  7 U.S.C. § 7a-2(c)(5)(C)(i).  Under the Special Rule, the CFTC can review and prohibit certain types of contracts when those contracts are "contrary to the public interest" because they involve "activity that is unlawful under any Federal or State law," "terrorism," assassination," "war," "gaming," or "other similar activity determined by the [CFTC] by rule or regulation to be contrary to public interest."  *Id.* § 7a-2(c)(5)(C)(i).  Agreements, contracts, or transactions that the CFTC determines are contrary to public interest "may [not] be listed or made available for clearing or trading on or through a registered entity."  *Id.* § 7a-2(c)(5)(C)(ii).[2]

II.     Kalshi's Sports-Event Contracts

Kalshi, a financial services company, operates a prediction market that allows users to buy and sell event contracts on its platform.  Am. Compl. ¶ 16.  The CFTC has certified Kalshi as a DCM.  *See id.* ¶¶ 2, 4, 16; Mem. at 6.

On January 22, 2025, Kalshi self-certified several contracts relating to sporting events ("sports-event contracts") and began to list them on its exchange.  Am. Compl. ¶ 47.  Kalshi's sports-event contracts allow users to place positions on the "outcomes of sports events," for example, "which teams will advance in certain rounds of the NCAA College Basketball Championship or who will win the U.S. Open Golf Championship."  *Id.* ¶¶ 32, 47.

Under New York law, any gambling enterprise that offers sports gaming, including wagering, must obtain a license from the Gaming Commission, the state agency that regulates gambling in New York.  *See* N.Y. Rac. Pari-Mut. Wag. & Breed. Law ("Racing Law") §§ 1367(2)(a), 1367-a(4)(b); *see also id.* § 1367(1)(x) ("'Sports wagering' means wagering on sporting events or any portion thereof, or on the individual performance statistics of athletes

---

[2] On June 10, 2026, the CFTC issued a notice of proposed rulemaking regarding the Special Rule for prediction market event contracts.  *See* Press Release, CFTC, CFTC Seeks Public Comment on Notice of Proposed Rulemaking Concerning Event Contracts Involving Enumerated Activities, Release No. 9249-26 (June 10, 2026), available at https://www.cftc.gov/PressRoom/PressReleases/9249-26.

participating in a sporting event, or combination of sporting events . . . ."); Am. Compl. ¶ 25. The offer of sports gaming in New York in violation of its gambling laws may risk civil and criminal penalties. *See* Racing Law §§ 104(9), 116; N.Y. Penal Law § 225.00 *et seq.* Kalshi is not licensed with the Gaming Commission to offer sports wagering. Am. Compl. ¶ 48; *see* Opp. at 1–2.

By letter dated October 24, 2025, the Gaming Commission directed Kalshi to "cease and desist from illegally operating, advertising, promoting, administering, managing, or otherwise making available an unlicensed mobile sports wagering platform in New York State in connection with any sports event." Ex. 2 at 4, ECF No. 35-2.[3] The Gaming Commission advised Kalshi that "[s]ports wagering may be conducted, advertised or promoted in New York only by entities licensed by the [Gaming] Commission." *Id.* at 3.

On October 27, 2025, Kalshi initiated this action against the Gaming Commission and its members in their official capacities, seeking declaratory and injunctive relief and arguing that the CFTC has exclusive jurisdiction over the sports-event contracts traded on Kalshi's exchange, such that the Gaming Commission lacks the authority to enforce New York gambling laws against Kalshi. *See generally* Compl., ECF No. 1; *see also* Am. Compl.; POTSC; Mem. Defendants contend that the Gaming Commission's regulation of Kalshi's sports-related event contracts is not preempted by the CEA. *See generally* Opp.

Various amici jointly filed a brief in support of Defendants, arguing that Kalshi has "unlawfully and unfairly entered into the gaming market," and that "[b]y offering sports-event contracts to people on Indian lands under the guise of commodity trading pursuant to [the CEA,] Kalshi impedes tribes' inherent sovereign right to regulate gaming activity on those lands."

---

[3] Citations to "Ex." Refer to the exhibits filed with the amended complaint at ECF No. 35.

5

Tribal Amici Br. at 11, ECF No. 66.

III.     Nationwide Litigation

Courts in other jurisdictions have considered similar motions by Kalshi, seeking to enjoin state gaming commissions from enforcing state law against it.  Courts have found both in Kalshi's favor, granting its preliminary injunction motion, *see, e.g.*, *KalshiEX, LLC v. Flaherty*, 172 F.4th 220 (3d Cir. 2026); *KalshiEX LLC v. Orgel*, No. 26 Civ. 34, 2026 WL 474869 (M.D. Tenn. Feb. 19, 2026), and against it, denying its motion, *see, e.g.*, *Kalshiex LLC v. Schuler* ("*Schuler II*"), No. 26-3196, 2026 WL 1295806 (6th Cir. Apr. 24, 2026); *KalshiEX LLC v. Johnson*, No. 26 Civ. 1715, 2026 WL 958171 (D. Ariz. Apr. 8, 2026); *KalshiEX LLC v. Martin*, 793 F. Supp. 3d 667 (D. Md. 2025); *KalshiEX, LLC v. Hendrick*, 817 F. Supp. 3d 1014 (D. Nev. 2025).

**DISCUSSION**

I.     Eleventh Amendment Immunity

As a preliminary matter, the Court addresses the issue of Eleventh Amendment immunity as to the Gaming Commission.  Defendants argue that Kalshi's claims against the Gaming Commission should be dismissed because it is a state agency covered by the Eleventh Amendment's immunity, which bars suit against the states, including "state agents and state instrumentalities that are, effectively, arms of a state." *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (citation omitted); *see also* Opp. at 21–22.  The *Ex parte Young* doctrine allows suits like Kalshi's for prospective injunctive relief against New York state officers in their official capacities, notwithstanding Eleventh Amendment immunity. *Reed v. Goertz*, 598 U.S. 230, 234 (2023) (citing *Ex parte Young*, 209 U.S. 123, 159–161

6

(1908)); *see also Vega v. Semple*, 963 F.3d 259, 281 (2d Cir. 2020).[4]  Defendants contend, however, that the *Ex parte Young* doctrine does not extend to Kalshi's claims against the Gaming Commission because it has not waived its Eleventh Amendment immunity and Congress did not abrogate states' immunity in enacting the CEA.  Opp. at 21–22.  Kalshi has not responded to the Gaming Commission's Eleventh Amendment defense in its briefing.  *See generally* Mem.; Reply.  The Court agrees with Defendants.  *See Walker v. New York State Dep't of Health*, 788 F. Supp. 3d 427, 490–91 (E.D.N.Y. 2025) (holding that the *Ex parte Young* exception "does not extend to suits against state agencies"); *Cayuga Nation v. New York State Gaming Comm'n*, 775 F. Supp. 3d 651, 663 (N.D.N.Y. 2025) (dismissing the Gaming Commission from the action because none of the cases cited by the plaintiff "with respect to [the issue of the Gaming Commission's immunity] support the proposition that a state agency may be made a proper party to the suit because its constituent members are simultaneously sued pursuant to *Ex parte Young*").  Accordingly, the Gaming Commission is dismissed from the action because it is immune from suit under the Eleventh Amendment.

II.    Preliminary Injunction

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  "A plaintiff seeking a preliminary injunction must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public

---

[4] The Court's conclusion that Kalshi's claims may proceed against the individual Gaming Commission members in their official capacities for the purposes of determining Kalshi's motion is without prejudice to Defendants' raising an Eleventh Amendment defense in a motion to dismiss.

7

interest." *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 34 (2d Cir. 2010) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. at 20).

"[W]hen, as here, the preliminary injunction will affect government action taken in the public interest pursuant to a statutory or regulatory scheme, it should be granted only if the moving party meets the more rigorous likelihood-of-success standard." *N.Y. State Firearms Ass'n v. James*, 157 F.4th 232, 242 (2d Cir. 2025) (quoting *Cent. Rabbinical Cong. of U.S. & Can. v. N.Y.C. Dep't of Health & Mental Hygiene*, 763 F.3d 183, 192 (2d Cir. 2014)); *see also Metro. Taxicab Bd. of Trade v. City of New York*, 615 F.3d 152, 156 (2d Cir. 2010). Kalshi must, therefore, "establish a clear or substantial likelihood of success on the merits." *New York State Firearms Ass'n*, 157 F.4th at 242 (quoting *Sussman v. Crawford*, 488 F.3d 136, 140 (2d Cir. 2007) (per curiam)).

A. Likelihood of Success on the Merits

The merits of this case center on whether New York gambling laws are preempted by federal law as applied to Kalshi's sports-event contracts. Kalshi argues that it has demonstrated a likelihood of success on the preemption issue that its sports-event contracts are exclusively regulated by the CFTC. *See* Mem. at 10. Defendants contend that Kalshi cannot show a likelihood of success on the merits because sports-event contracts do not fall within CFTC regulation and, therefore, may be regulated by New York law. *See* Opp. at 9. For the reasons explained below, the Court finds that New York gambling laws as applied to Kalshi's sports-event contracts are not preempted by the CEA and Kalshi has not, therefore, made a clear or substantial showing that it is likely to succeed on the merits.

   1.   Preemption Legal Standard

Under the Supremacy Clause, federal law prevails when it conflicts with state law.  *See*
U.S. Const. art. VI, cl. 2 ("[T]he laws of the United States . . . shall be the supreme Law of the
Land; . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.");
*Arizona v. United States*, 567 U.S. 387, 398–99 (2012).  "In general, three types of preemption
exist: (1) express preemption, where Congress has expressly preempted local law; (2) field
preemption, where Congress has legislated so comprehensively that federal law occupies an
entire field of regulation and leaves no room for state law; and (3) conflict preemption, where
local law conflicts with federal law such that it is impossible for a party to comply with both or
the local law is an obstacle to the achievement of federal objectives."  *N.Y. SMSA Ltd. P'ship v.*
*Town of Clarkstown*, 612 F.3d 97, 103–04 (2d Cir. 2010) (citations and internal quotation marks
omitted).

"The key to the preemption inquiry is the intent of Congress."  *Id.* at 104.  "If a federal
law contains an express pre-emption clause, it does not immediately end the inquiry because the
question of the substance and scope of Congress' displacement of state law still remains."  *Altria*
*Grp., Inc. v. Good*, 555 U.S. 70, 76 (2008).  That is, even when a federal statute contains an
express preemption clause, the Court must still consider whether Congress' preemptive intent
may be inferred from the scope of the statute such that "Congress intended federal law to occupy
the legislative field, or if there is an actual conflict between state and federal law."  *Id.* at 76–77
(citations omitted).  "[T]he party asserting that federal law preempts state law bears the burden of
establishing preemption."  *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 725
F.3d 65, 96 (2d Cir. 2013).

2. Express Preemption

Kalshi argues that the CEA expressly preempts New York gambling laws as applied to its sports-event contracts because the CFTC has "exclusive jurisdiction" over "transactions involving swaps," including Kalshi's sports-event contracts, that are "traded or executed" on DCMs like Kalshi. Mem. at 8, 11–13; (citing 7 U.S.C. § 2(a)(1)(A)); *see* Reply at 1–4. Defendants contend that Kalshi's sports-event contracts are not "swaps" within the meaning of the CEA and are, therefore, not explicitly preempted. *See* Opp. at 9–15.

Courts apply "a presumption against preemption with respect to areas where states have historically exercised their police powers." *N.Y. SMSA Ltd. P'ship*, 612 F.3d at 104; *see Altria Grp.*, 555 U.S. at 77 ("When addressing questions of express or implied pre-emption, we begin our analysis with the assumption that the historic police powers of the States [are] not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress. . . . That assumption applies with particular force when Congress has legislated in a field traditionally occupied by the States." (citations and internal quotation marks omitted). "The scope of laws regulating gambling and lotteries is clearly a matter of predominantly state concern." *Chun v. State of N.Y.*, 807 F. Supp. 288, 292 (S.D.N.Y. 1992); *see KalshiEX, LLC v. Schuler* ("*Schuler I*"), No. 25 Civ. 1165, 2026 WL 657004, at *8 (S.D. Ohio Mar. 9, 2026) ("The enactment of gambling laws is clearly a proper exercise of the state's police power in an effort to promote the public welfare." (citations and internal quotation marks omitted)); *Martin*, 793 F. Supp. 3d at 677 ("It is well recognized that regulating gambling is at the core of the state's residual powers as a sovereign in our constitutional scheme." (quotation omitted)); *Flaherty*, 172 F.4th at 234 (Roth J., dissenting) ("Throughout U.S. history, gambling regulation has been largely left to the state legislatures.").

10

The presumption against preemption, therefore, applies to this case, and the Court must analyze whether Kalshi has demonstrated that in enacting the CEA, it was the "clear and manifest purpose of Congress" to preempt New York's authority to regulate gambling where a DCM, like Kalshi, offers sports-event contracts on its platform. *In re MTBE Prods. Liab. Litig.*, 725 F.3d at 96 (citation omitted).

To discern Congress' intent, the Court begins with the CEA's text. It is clear that Congress intended the CEA to preempt certain areas of derivative trading—specifically, as relevant to this action, the CEA grants the CFTC "exclusive jurisdiction . . . with respect to accounts, agreements . . . and transactions involving swaps or contracts of sale of a commodity for future delivery . . . traded or executed on a [DCM]." 7 U.S.C. § 2(a)(1)(A). For the purposes of resolving Kalshi's motion, consistent with the approach of other courts, the Court assumes without deciding that Kalshi's sports-event contracts are swaps under the CEA. *See Schuler II*, 2026 WL 1295806, at *3; *see also Commonwealth v. Kalshiex, LLC*, No. 2584 Civ. 2525, 2026 LX 33147, at *13 (Mass. Super. Ct. Jan. 20, 2026); *Martin*, 793 F. Supp. 3d at 675.[5]

The Court does not, however, end its inquiry there. Although it is clear from the CEA's text that Congress intended for the CFTC to have exclusive jurisdiction over swap transactions on DCMs, the Court must also determine the scope of that preemption—that is, "at what point the state regulation sufficiently interferes with federal regulation that it should be deemed [preempted]." *Goodspeed Airport LLC v. E. Haddam Inland Wetlands & Watercourses Comm'n*, 634 F.3d 206, 210 (2d Cir. 2011) (citing *Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505

---

[5] The Court notes that some courts considering this issue in other jurisdictions have found that Kalshi's sports-event contracts are swaps within the meaning of the CEA, *see, e.g.*, *KalshiEX LLC v. Johnson*, No. 26 Civ. 1715, 2026 WL 1223373, at *4–5 (D. Ariz. May 5, 2026), and other courts have not, *see, e.g.*, *Schuler*, 2026 WL 657004, at *4–7.; *see also QCX LLC v. Nessel*, No. 26 Civ. 710, 2026 WL 1166362, at *2–3 (W.D. Mich. Mar. 10, 2026) (finding that a different prediction contract market's sport-related products do not fall within the CEA's definition of a swap).

U.S. 88, 107, 112 (1992)); *see also Altria Grp.*, 555 U.S. at 76. The scope of Congress' intent to displace state law with its grant of exclusive jurisdiction to the CFTC can be determined by considering both field and conflict preemption as applied to Kalshi's sports-event contracts. *See N.Y. SMSA Ltd. P'ship*, 612 F.3d at 104 ("Even where a federal law contains an express preemption clause, the court still may be required to consider implied preemption as it considers 'the question of the substance and scope of Congress' displacement of state law.'" (quoting *Altria Grp.*, 555 U.S. at 543)); *see also id.* ("By their nature, field preemption and conflict preemption are usually found based on implied manifestations of congressional intent.").

### 3. Implied Preemption

#### a. Field Preemption

The Court first considers the issue of field preemption, which is implicated where congressional action reflects a "decision to foreclose any state regulation in the area, even if it is parallel to federal standards." *Arizona*, 567 U.S. at 401. The basic premise of field preemption is that "[s]tates may not enter, in any respect, an area the [f]ederal Government has reserved for itself." *Id.* at 402. Accordingly, "[i]n rare cases, the Court has found that Congress legislated so comprehensively in a particular field that it left no room for supplementary state legislation." *Kansas v. Garcia*, 589 U.S. 191, 208 (2020) (citation and quotation marks omitted).

Kalshi argues that Congress has "preempted the field of regulating trading on DCMs . . . implicitly by creating a comprehensive structure for regulating DCMs that leaves no room for state regulation." Mem. at 11. Defendants contend that New York law is not field preempted as to Kalshi's sports-event contracts because Congress did not intend to regulate so broadly as to exclude all state law. *See* Opp. at 16–17.

12

Kalshi's field preemption argument, "like all preemption arguments, must be grounded in the text and structure of the statute at issue." *Garcia*, 589 U.S. at 208 (citation and quotation marks omitted). Although § 2 of the CEA grants the CFTC "exclusive jurisdiction" with respect to "transactions involving swaps" on a DCM, this grant is not without limits. Section 2 specifies that "nothing contained in th[e] section shall . . . supersede or limit the jurisdiction at any time conferred on . . . other regulatory authorities under the laws of the United States or of any State." 7 U.S.C. § 2(a)(1)(A). This provision evinces Congress' intent to leave room for states to regulate certain activities that may have otherwise been covered by the CEA. *See Schuler II*, 2026 WL 1295806, at *5 ("[T]he presence of a savings clause [like in § 2] usually signals that Congress does not mean to preempt the field." (emphasis removed)); *Martin*, 793 F. Supp. 3d at 679 ("[T]he fact that the CEA has some field-preemptive effect does not mean that the 'field' Congress intended for the CEA to occupy includes state gambling laws, and specifically sports wagering laws."); *id.* (holding that the clause in § 2 "on balance [] cuts against a finding of field preemption").

The scope of the CEA's preemption is further clarified by looking at the CEA's structure as a whole. Congress' enactment of the Special Rule in 7 U.S.C. § 7a-2(c) demonstrates its intent that some state law and regulation should operate in tandem with the CEA. Under the Special Rule, the CFTC has authority to prohibit event contracts that are "contrary to the public interest" because they "involve . . . [, *inter alia*,] activity that is unlawful under any Federal or State law" or "gaming." 7 U.S.C. §7a-2(c)(5)(C)(i). That is, the Special Rule's "plain text clearly reflects an affirmative intent to *preserve* state laws governing whether particular conduct is lawful or unlawful." *Martin*, 793 F. Supp. 3d at 680 (emphasis in original). Further, because Congress "expressly authorized the [CFTC] to prohibit particular categories of transactions as

13

contrary to the public interest *based on the fact that the conduct at issue would violate state law*[,]" this provision "severely undercuts Kalshi's suggestion that Congress intended to displace all state laws that would otherwise apply to transactions that fall within the scope of the CEA." *Id.* at 680 (emphasis in original). Moreover, given that the power to regulate gambling is a traditional police power exercised by New York, the Court also declines to interpret the CEA's grant of exclusive jurisdiction as leaving "no room for supplementary state legislation." *Garcia*, 289 U.S. at 208; *Schuler II*, 2026 WL 1295806, at *4–5; *Dep't of Revenue of Oregon v. ACF Indus.*, Inc., 510 U.S. 332, 345 (1994) ("When determining the breadth of a federal statute that impinges upon or pre-empts the States' traditional powers, we are hesitant to extend the statute beyond its evident scope.").

Finally, Congress' intended scope of preemption under the CEA is demonstrated in the Act's express prohibition of state regulation in certain contexts. For example, § 16 prohibits the regulation of transactions involving swaps by state gambling laws in certain limited circumstances. *See* 7 U.S.C. § 16(e) (superseding and preempting "any State or local law that prohibits or regulates gaming or the operation of bucket shops" as it relates to certain electronic trading facilities or certain agreements that are excluded or exempted from the CEA). Neither of these circumstances is presented in this action, and Kalshi does not argue that the Court should find otherwise. *See generally* Mem.; Reply. Section 16 also prohibits state regulation of transactions involving swaps in other contexts like insurance contracts. *See, e.g., id.* § 16(h) ("A swap . . . may not be regulated as an insurance contract under the law of any State."). These provisions provide "strong evidence" that when enacting § 2 of the CEA with a grant of exclusive jurisdiction to the CFTC, Congress did not intend to regulate so broadly as to exclude all state gambling laws from regulating transactions involving swaps. *See Martin*, 793 F. Supp.

14

at 681.  Therefore, Kalshi has not demonstrated a likelihood of success on the merits that New York's gambling laws are field preempted as applied to its sports-event contracts.

b.  Conflict preemption

Next, the Court considers the issue of conflict preemption.  Kalshi argues that New York's gambling laws are conflict-preempted as applied to Kalshi's sports-event contracts because it would be impossible for Kalshi to comply with both state and federal law and because New York's laws are an obstacle to the accomplishment and execution of the full objectives of the CEA.  *See* Mem. at 16.  Defendants contend that Kalshi has failed to provide evidence demonstrating how New York gambling laws would conflict with or stand as an obstacle to achieving the purposes of the CEA.  *See* Opp at 20.  The Court agrees and holds that Kalshi has not shown that conflict preemption likely applies.

Conflict preemption of state law occurs where "'it is impossible for a private party to comply with both state and federal law' or where state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'"  *Genna v. Sallie Mae, Inc.*, No. 11 Civ. 7371, 2012 WL 1339482, at *8 (S.D.N.Y. Apr. 17, 2012) (quoting *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372–73 (2000)).  Under the "purposes and objectives" inquiry, courts consider "whether the state law interferes with a method the federal law uses to promote its goal."  *Id.* (quoting *United States Smokeless Tobacco Mfg. Co., LLC v. City of New York*, 703 F. Supp. 2d 329, 334 (S.D.N.Y. 2010)).  The "mere fact of tension between federal and state law is generally not enough to establish an obstacle supporting

15

preemption." *Madeira v. Affordable Hous. Found., Inc.*, 469 F.3d 219, 241 (2d Cir. 2006) (quotation marks omitted).

First, Kalshi has not shown that it is impossible to comply with both New York gambling laws and the CEA. Kalshi contends that if it were required to comply with New York law, it would violate the CFTC's requirement that a DCM provide "impartial access to its markets and services" because Kalshi would be required to limit access to its exchange to persons living only in New York, which would be impossible for a nationwide platform such as Kalshi. *See* Mem. at 18–19. Not so. The purpose of the impartial access requirement is to prevent DCMs from having certain discriminatory access requirements for their platform; it does not require DCMs to offer contracts nationwide. *See* 17 C.F.R. § 38.151(b) (providing that impartial access includes "[a]ccess criteria that are impartial, transparent, and applied in a non-discriminatory manner"); Core Principles and Other Requirements for Designated Contract Markets, 75 Fed. Reg. 80572, 80579 (proposed Dec. 22, 2010) (to be codified at 17 C.F.R. pts. 1, 16, and 38) ("The purpose of the proposed impartial access requirements is to prevent DCMs from using discriminatory access requirements as a competitive tool against certain participants."). There is nothing preventing Kalshi from obtaining a license pursuant to New York law and establishing a category of New York market participants that does not discriminate within that New York-resident category. *See* 75 Fed. Reg. at 80579 ("A DCM can satisfy the requirement that membership and participation criteria are impartial, transparent, and non-discriminatory by establishing clear and impartial guidelines and procedures for granting access to its facilities and publishing such guidelines and procedures on its Web site. Such requirements may establish different categories of market participants, but may not discriminate within a particular category."); *Martin*, 793 F. Supp. 3d at 686 ("Kalshi's point is not a basis for holding that conflict preemption exists and that

16

Maryland's laws are preempted simply because *not* obtaining a license limits Kalshi's geographical access. . . . So long as Kalshi obtains a license and complies with Maryland sports gambling laws, those laws would not pose an obstacle to Kalshi making the sports gambling portion of its platform available to users in Maryland."); *Schuler I*, 2026 WL 657004, at *9 ("Kalshi offers nothing but its own *ipse dixit* that the CFTC would view geographic restrictions predicated on compliance with state law as 'partial.'"). Although complying with New York gambling laws imposes an additional regulatory requirement on Kalshi, that requirement is not squarely contrary to federal law. Kalshi's attempt, therefore, to avoid that requirement is unavailing.

Second, New York's gambling laws as applied to Kalshi's sports-event contracts do not frustrate Congress' objectives underpinning the CEA or serve as an obstacle to the CEA's regulatory scheme. Kalshi argues that "once [it] was approved as a CFTC-designated contract market, Kalshi was authorized to list its [sports-]event contracts by self-certifying that the contracts comported with federal law." Mem. at 18. Kalshi contends that New York's attempt to regulate its sports-event contracts "would substantially interfere with the CFTC's discretion" to review Kalshi's self-certification on the ground that it was "contrary to the public interest" because the CFTC ultimately "chose not to do so." *Id.* (quoting 7 U.S.C. § 7a-2(c)(5)(C)(i)).

This argument lacks merit and misinterprets the authority of Kalshi's self-certification of its sports-event contracts. As stated above, the CEA's text and structure, as well as the historical context of New York's interest in regulating gambling through its police power, demonstrate that Congress did not intend to preempt all state actions that may relate to DCMs. Instead, the CEA leaves room for states to regulate tangential issues that may arise from trading swaps and other financial products on DCMs. As other courts have noted, the congressional record for the CEA

17

supports the view that when enacting the Special Rule, Congress sought to prohibit the exact types of event contracts that Kalshi seeks to offer. *See Flaherty*, 172 F.4th at 240 (Roth J., dissenting). For example, when discussing the Dodd-Frank Act, Senator Blanche Lincoln of Arkansas stated that the purpose of the Special Rule is to "prevent the creation of futures and swaps markets that would allow citizens to profit from devastating events." 156 Cong. Rec. S5906 (2010). Senator Lincoln further explained that "it would be quite easy to construct an 'event contract' around sporting events such as the Super Bowl, the Kentucky Derby, and [the] Masters Golf Tournament," which would be contracts that "would not serve any real commercial purpose" but "[r]ather, . . . would be used solely for gambling." *Id.* at S5906–07. Kalshi states that its contracts not only allow users to take positions and profit from devastating events, *e.g.*, "whether an earthquake will take place in Los Angeles County before December 31, 2025," Am. Compl. ¶ 27, but also sporting events, *e.g.*, "which teams will advance in certain rounds of the NCAA College Basketball Championship or who will win the U.S. Open Golf Championship," *id.* at ¶ 47. Further, although Kalshi can list any contract that it self-certifies, its self-certification is not tantamount to a declaration that the contract is lawful. The CFTC holds the authority to determine whether a contract is legal. *See* 7 U.S.C. § a-2(c)(5)(C)(i) ("The [Gaming] Commission may determine that . . . [event] contracts . . . are contrary to the public interest" if they involve "gaming"); 17 C.F.R. § 40.11(a)(1) ("A registered [DCM] shall not list for trading or accept for clearing on or through the registered entity any . . . agreement, contract, transaction, or swap . . . that involves, relates to, or references . . . gaming"). The Court declines to comment on CFTC's decision not to exercise its authority under the Special Rule or 17 C.F.R. § 40.11 with respect to Kalshi's sports-event contracts. However, "the agency's inaction is not proof that the sports-event contracts are regulated by or permissible under the CEA—and the Court has

18

concluded they are not." *Schuler I*, 2026 WL 657004, at *9.  Therefore, New York's gambling laws, which seek to regulate gaming in the state, complement rather than conflict with federal law.  Because Kalshi has failed to show likelihood of success on the merits as it relates to the issue of preemption, this factor weighs against the issuance of a preliminary injunction.

        B.  Irreparable Harm

To satisfy the irreparable harm requirement, Kalshi "must demonstrate that absent a preliminary injunction [it] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (quoting *Grand River Enter. Six Nations, Ltd. v. Pryor,* 481 F.3d 60, 66 (2d Cir. 2007)). Irreparable harm must be an injury that "cannot be remedied by an award of monetary damages." *Metro. Transp. Auth. v. Duffy*, 784 F. Supp. 3d 624, 690 (S.D.N.Y. 2025) (quoting *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 660 (2d Cir. 2015)).

Kalshi argues that without an injunction, it will face the threat of civil and criminal enforcement by the Gaming Commission, disruption to its business in New York and nationwide, including the cost of "comprehensively geolocat[ing] its users on a state-by-state basis," and harm to its reputation, including the possibility that the CFTC could revoke Kalshi's designation as a DCM.  Mem. at 20–22.  Although the prospect of being subject to criminal prosecution could demonstrate a showing of irreparable injury, *see Black v. Cakor Rest., Inc.*, No. 22 Civ. 1447, 2022 WL 17689840, at *6 (S.D.N.Y. Dec. 15, 2022), Kalshi's harms "are largely monetary." *Hendrick*, 817 F. Supp. 3d at 1035.  As Defendants contend, any civil fines that may be levied against Kalshi can be challenged and vacated if Kalshi ultimately prevails on the merits, which, as stated above, is unlikely.  *See* Opp. at 22.  Kalshi's argument that

geolocating its users on a state-by-state basis would constitute irreparable injury is unpersuasive because the ordinary burdens and costs of complying with government regulation are typically insufficient to constitute irreparable harm. *See Wheely USA, Inc. v. City of New York*, No. 26 Civ. 1057, 2026 WL 972924, at *7 (S.D.N.Y. Apr. 10, 2026) (citing *Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 115 (2d Cir. 2005)). Kalshi has not presented any evidence that the possibility of the CFTC's revocation of its designation as a DCM is more than mere speculation. Over the past year, Kalshi has litigated this issue in various jurisdictions across the country and has been denied injunctive relief in certain of those jurisdictions, but the CFTC has not altered Kalshi's DCM status. Therefore, on balance, the irreparable injury factor weighs against the granting of a preliminary injunction.

### C. Balance of the Equities

The Court considers the balance of the equities between the parties and the public's interest together. *See Walden v. Kosinski*, 153 F.4th 118, 141 (2d Cir. 2025) ("[W]ith respect to the factors of the public interest and the balance of the equities, '[i]n a suit against the government, balancing of the equities merges into [the Court's] consideration of the public interest.'" (quoting *SAM Party of N.Y. v. Kosinski*, 987 F.3d 267, 278 (2d Cir. 2021))). Kalshi argues that the public has an interest in "ensuring that preempted New York laws are not enforced against federally regulated entities" and that Kalshi users will experience harm if New York laws are enforced against Kalshi by experiencing "intractable technological difficulties on a very short timeframe." Mem. at 23. Defendants contend that the equities weigh in their favor because "New Yorkers are harmed if Kalshi continues to engage in unsupervised sports gambling," especially individuals between the ages of 18 and 24 who are a "'high-risk population' for gambling addictions"; that Kalshi's expansion of "proposition betting" which

20

usually involves "wagers on an individual player's performance" often is "hazardous to the integrity of college sports"; that gambling on college sports involving any New York-based college team is unlawful under state law; and that if Kalshi continues to operate, other potential DCMs listing sports contracts will proliferate. Opp. at 25–28. Defendants' interests in regulating gaming in New York and ensuring that the Gaming Commission has the ability to effectuate statutes enacted by its state representatives heavily outweigh the interests articulated by Kalshi. It is well established that "[a] prohibition on a state from 'effectuating statutes enacted by representatives of its people' itself inflicts 'a form of irreparable injury.'" *Duffy*, 784 F. Supp. 3d at 690 (quoting *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977)); *see also id.* (collecting cases). Accordingly, the balance of the equities and the public's interest weigh in favor of Defendants.

Because all four *Winter* factors weigh against the issuance of a preliminary injunction, Kalshi's motion is denied.

III.    Motion to Seal

Kalshi seeks an order sealing two exhibits filed in connection with its reply brief. *See* ECF No. 74. Defendants do not object. *See generally* Opp.; Sur-reply. The exhibits are judicial documents to which the presumption of the common law right of access attaches. *See Coach IP Holdings, LLC v. ACS Grp. Acquisitions LLC*, No. 23 Civ. 10612, 2024 WL 3965936, at *1 (S.D.N.Y. Aug. 27, 2024); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). However, because the exhibits contain confidential information that Kalshi submitted to the CFTC, including certain proprietary business information, competing privacy interests outweigh the presumption of access. *See SEC v. Ripple Labs, Inc.*, No. 20 Civ. 10832, 2022 WL 329211, at *3 (S.D.N.Y. Feb. 3, 2022). Moreover, the proposed redactions at ECF Nos. 79-1

21

through 2 are narrowly tailored to protect that privacy interest.  Therefore, Kalshi's motion to seal is granted.

## CONCLUSION

For the foregoing reasons, Kalshi's motion for a preliminary injunction is DENIED. Kalshi's motion to seal is GRANTED.  The Clerk of Court is respectfully directed to terminate the motion at ECF Nos. 74 and terminate the New York State Gaming Commission from the docket.

SO ORDERED.

Dated: July 7, 2026
     New York, New York

_____
ANALISA TORRES
United States District Judge

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

| | |
|---|---|
| KALSHIEX LLC, <br><br>      *Plaintiff-Appellant*, <br><br>     v. <br><br> ROBERT WILLIAMS, in his official capacity as Executive Director of the New York State Gaming Commission, *et al.*, <br><br>      *Defendants-Appellees*. | No. 26-1835 <br><br> **ADDENDUM B TO FORM C** |

Plaintiff-Appellant KalshiEX, LLC ("Kalshi") proposes to raise on appeal whether the district court erred in denying Kalshi's motion for a preliminary injunction based on its determination that Kalshi is not likely to succeed on its argument that the Commodity Exchange Act preempts New York's gambling laws as applied to event contracts traded on Kalshi's exchange because the CFTC has exclusive jurisdiction over those contracts. Kalshi additionally seeks to raise whether the district court erred in denying preliminary injunctive relief based on its determination that the harms and equities did not favor such relief.

"Generally, a plaintiff seeking a preliminary injunction must establish (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of the equities tips in his favor, and (4) that an injunction is in the public interest. However, when the government is the defendant and opposes the preliminary injunction, … the final two requirements merge together." *Nat'l Inst. of Family & Life Advocates v. James*, 160 F.4th 360, 373 (2d Cir. 2025) (citation modified) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). This Court "review[s] *de novo* the District Court's legal conclusions" on a preliminary injunction, "but review[s] its ultimate decision … for abuse of discretion." *Id.* (citation modified).

Dated: July 21, 2026

Respectfully submitted,

*/s/ Neal Kumar Katyal*
Neal Kumar Katyal
Milbank LLP
1101 New York Ave. NW
Washington, DC 20005
Telephone: (202) 835-7505
nkatyal@milbank.com