

# Milbank

**WILL HAVEMANN**
*Partner*
1101 New York Ave., N.W. | Washington, DC 20005
T: +1 (202) 835-7518
whavemann@milbank.com | milbank.com

July 31, 2026

**By Electronic Filing**

Hon. Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
40 Foley Square
New York, New York 10007

> **Re:** *KalshiEX LLC v. Williams*, **No. 26-1835**

Dear Ms. Wolfe:

Kalshi writes concerning a development that underscores the urgent need for an injunction pending appeal. At 12:01AM on July 31, Defendants filed suit in the New York Supreme Court seeking a TRO that would force Kalshi to cease operating *nationwide*—not just as to sports-event contracts, but *all* event contracts.

Specifically, Defendants seek to immediately prohibit Kalshi from "operating a business that offers contracts relating to sports, culture, elections, *and other events*" without a New York license—"*within or from* New York," Kalshi's principal place of business. Ex. A at 5 (emphasis added). Defendants also seek billions of dollars in restitution and damages. Ex. B.

This requested relief is unprecedented. While Defendants' opposition to Kalshi's motion focused on sports-event contracts, Defendants' requested relief goes much further. They seek to bar Kalshi from offering contracts on *all* "other events," even though the CEA unquestionably gives the CFTC "exclusive jurisdiction" to regulate derivatives based on the occurrence of "an event." *See* 7 U.S.C. § 2(a)(1)(A); *id.* § 1a(47)(A)(ii) ("swaps" include instruments based on "event[s]"); *id.* § 7a-2(c)(5)(C) (underscoring CFTC jurisdiction over "event contracts"). The TRO would cause severe disruption to Kalshi's users nationwide, affecting contracts worth hundreds of millions of dollars.

Defendants' actions underscore the need for relief from this Court. Kalshi has removed the state action to federal court, but if the case is remanded, Kalshi could be subjected to a ruinous state-court order at any time. That result is unjust. Multiple federal courts—including the Third Circuit—have correctly recognized the CFTC's "exclusive jurisdiction" preempts state regulation of DCM-traded event contracts. And while a few have held otherwise with respect to *sports*-event

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | HONG KONG | SEOUL | SINGAPORE | TOKYO

contracts, none has gone so far as to hold that states have carte blanche to regulate *all* event contracts.

In short, Defendants have rushed to force Kalshi out of business, despite that they lack support for their radical request for relief, despite that the courts are divided regarding the preemption question, and despite that the CFTC itself has brought a still-pending lawsuit to prevent Defendants from regulating Kalshi.

An injunction pending appeal is therefore appropriate and urgently needed.

Respectfully submitted,

/s/ William E. Havemann
William E. Havemann

*Counsel for Appellant KalshiEX LLC*

cc:    All Counsel (via ECF)

# EXHIBIT A

At I.A.S. Part _____ of the Supreme Court of the State of New York, held in and for the County of New York, at the Courthouse thereof, located at 60 Centre Street, New York, New York, on the __ day of _____, 2026

PRESENT:
Honorable _____. _____, JSC
Justice Presiding

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
PEOPLE OF THE STATE OF NEW YORK, by
LETITIA JAMES, Attorney General of the
State of New York,

                           Petitioner,

            -against-

KALSHIEX LLC,

                           Respondent.
------------------------------------------------------------------X

**ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINING ORDER**

Index No.

Upon reading the Verified Petition, dated July 31, 2026; the Affirmation of Kenneth Brent Tomer, Assistant Attorney General, affirmed on July 31, 2026, and exhibits thereto; the Affirmation of Brian Metz, Senior Detective, affirmed on July 14, 2026, and exhibits thereto; the Affirmation of Shamiso Maswoswe, Chief of Investor Protection Bureau, affirmed on July 31, 2026; Petitioner's Memorandum of Law in Support of the Verified Petition; and the Order to Show Cause seeking a temporary restraining order, preliminary injunction, and a permanent injunction; and upon the motion of Letitia James, Attorney General of the State of New York, attorney for Petitioner, it is:

1

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

Case: 26-1835, 07/31/2026, DktEntry: 34.1, (5 of 12)

**ORDERED** that Respondent KalshiEX LLC show cause at a hearing before this Court at I.A.S. Part ___, Room ____ of this Court to be held at the New York County Courthouse, located at 60 Centre Street, New York, NY 10007, on the ___ day of July, 2026, at _____ o'clock in the forenoon/afternoon of that day, or as soon thereafter as counsel may be heard, why an order and judgment should not be issued pursuant to Executive Law § 63(12); New York State Constitution Article I, Section 9; New York Penal Law §§ 225.05, 225.10, and 225.20; New York Racing, Pari-Mutuel Wagering and Breeding Law §§ 1367(a)(16), 1367-a(2)(a), and 1367-a(4)(b); the Wire Act, U.S.C. § 1084; and CPLR Articles 4 and 63, providing the following relief:

1. preliminarily and permanently enjoining Respondent and its principals, agents, and employees from:

   a. operating an unlawful gambling business, or otherwise advancing gambling activity or profiting from gambling activity, within or from New York or to persons in New York, without being licensed by the New York State Gaming Commission, including but not limited to, by:

      i. operating a business that offers contracts relating to sports, culture, elections, and other events, without obtaining all the required licenses from the New York State Gaming Commission;

      ii. permitting wagering by persons under the age of 21 in connection with any contract on those events; and

      iii. advertising, promoting, marketing, or soliciting participation, including promoting or advertising in college or university-owned news assets (e.g., school newspapers, radio, telecasts) or on college or

2

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

Case: 26-1835, 07/31/2026, DktEntry: 34.1, (6 of 12)

university campuses, in connection with any contract on those events; and

    b. violating the New York State Constitution Article 1, Section 9; Penal Law §§ 225.05, 225.10, and 225.20; Pari-Mutuel Wagering and Breeding Law §§ 1367(a)(16), 1367-a(2)(a), and 1367-a(4)(b); the Wire Act, U.S.C. § 1084; and Executive Law § 63(12); and

2. directing Respondent to produce an accounting identifying each of its customers, itemizing bets placed by customers, monies lost by customers, and gains received by Respondent in connection with or as a result of the violations of law alleged herein;

3. directing Respondent to make full restitution to customers who have engaged in betting on Respondent's platform;

4. directing Respondent to pay damages caused, directly or indirectly, by the repeated and persistent illegality complained of herein;

5. directing Respondent to disgorge all amounts obtained in connection with or as a result of the violations of law alleged herein;

6. directing Respondent to pay a penalty of three times the amount of its gain from the violations of law alleged herein, pursuant to Penal Law § 80.10;

7. directing Respondent to pay a penalty of one hundred thousand dollars ($100,000) for each offering or attempt to offer sports wagering or mobile sports wagering within or from New York without authorization, pursuant to Racing Law § 1367(16)(a);

8. directing Respondent to pay prejudgment interest;

3

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

Case: 26-1835, 07/31/2026, DktEntry: 34.1, (7 of 12)

9. awarding costs to Petitioner of two thousand dollars ($2,000) against Respondent pursuant to CPLR § 8303(a)(6);

10. authorizing Petitioner to docket as a money judgment any order issued by the Court on this motion fixing the amount of money owed by Respondent, including restitution, disgorgement, damages, penalties and costs, pursuant to CPLR § 2222; and

11. granting such other and further relief as may be just and proper.

**IT APPEARING** that sufficient cause for temporary injunctive relief exists under Executive Law § 63(12), New York State Constitution Article I, Section 9; New York Penal Law §§ 225.05, 225.10, and 225.20; New York Racing, Pari-Mutuel Wagering and Breeding Law Sections 1367(a)(16), 1367-a(2)(a), and 1367-a(4)(b); the Wire Act, U.S.C. § 1084; and CPLR §§ 6301 and 6313, and that Respondent has engaged in repeated and persistent illegal acts and practices, which actions have caused and will continue to cause immediate and irreparable injury to members of the public unless Respondent is restrained before a hearing can be held, it is hereby;

**ORDERED** that pending further order of this Court, Respondent, its agents, employees, successors, assigns, and any other person acting under Respondent's direction or control, whether acting individually or alone, or through any corporation, company, entity or device, are hereby temporarily restrained pursuant to Executive Law § 63(12); New York State Constitution Article I, Section 9; New York Penal Law §§ 225.05, 225.10, and 225.20; New York Racing, Pari-Mutuel Wagering and Breeding Law Sections 1367(a)(16), 1367-a(2)(a), and 1367-a(4)(b); the Wire Act, U.S.C. § 1084; and CPLR §§ 6301 and 6313 from:

4

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

Case: 26-1835, 07/31/2026, DktEntry: 34.1, (8 of 12)

a. operating an unlawful gambling business, or otherwise advancing gambling activity or profiting from gambling activity, within or from New York or to persons in New York without being licensed by the New York State Gaming Commission, including but not limited to, by:

   i. operating a business that offers contracts relating to sports, culture, elections, and other events without obtaining all the required licenses from the New York State Gaming Commission;

   ii. permitting wagering by persons under the age of 21 in connection with any contract on those events; and

   iii. advertising, promoting, marketing, or soliciting participation, including promoting or advertising in college or university-owned news assets (e.g., school newspapers, radio, telecasts) or on college or university campuses, in connection with any contract on those events; and

b. violating the New York State Constitution Article 1, Section 9; Penal Law §§ 225.05, 225.10, and 225.20; Pari-Mutuel Wagering and Breeding Law §§ 1367(a)(16), 1367-a(2)(a), and 1367-a(4)(b); the Wire Act, U.S.C. § 1084; and Executive Law § 63(12).

**ORDERED** that Petitioner shall not be required to post an undertaking pursuant to CPLR § 6313 (c); and it is further

**ORDERED** that based on the nature of this special proceeding and the number of exhibits attached and described in connection herewith, Petitioner may exceed the word limit

5

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

Case: 26-1835, 07/31/2026, DktEntry: 34.1, (9 of 12)

specified in N.Y.C.R.R. § 202.8-b and § 202.70 Rule 17.

   **SUFFICIENT CAUSE** to me appearing therefore,

   **LET** service of a copy of this Order and supporting papers on Respondent's attorney via email and electronic transmission via a cloud link on or before the ___ day of _____, 2026, be deemed due and sufficient service hereof.

   Responding papers, if any, must be filed on or before the ___ day of _____, 2026.

   Reply papers, if any, must be filed on or before the ___ day of _____, 2026.

   Oral Argument on this application will take place on the ____ day of _____, 2026 at _____ a.m./p.m. before _____ at _____

ENTER:

       HON. _____

6

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

# EXHIBIT B



**New York State Unified Court System**

## Request for Judicial Intervention
## Commercial Division Addendum

**UCS-840C** (03/2025)
Page **1** of **2**

**Supreme Court**
**County of** NEW YORK

**Plaintiff/Petitioner** (persons/entities that started the case):

People of the State of New York by Letitia James, Attorney General of the State of New York

**Index #:**
_____

**Defendant/Respondent** (persons/entities the case is against):

KalshiEX LLC

**Plaintiff/Petitioner's cause(s) of action** [check all that apply]:

☒ Breach of contract or fiduciary duty, fraud, misrepresentation, business tort (e.g., unfair competition), or statutory and/or common law violation where the breach or violation is alleged to arise out of business dealings (e.g., sales of assets or securities; corporate restructuring; partnership, shareholder, joint venture, and other business agreements; technology transactions and/or commercial disputes involving or arising out of technology; trade secrets; restrictive covenants; and employment agreements not including claims that principally involve alleged discriminatory practices)

☐ Transactions governed by the Uniform Commercial Code, excluding those concerning individual cooperative or condominium units

☐ Transactions involving commercial real property, including Yellowstone injunctions and excluding actions for the payment of rent only

☐ Shareholder derivative actions (without consideration of the monetary threshold)

☐ Commercial class actions (without consideration of the monetary threshold)

☐ Business transactions involving or arising out of dealings with commercial banks and other financial institutions

☐ Internal affairs of business organizations

☐ Malpractice by accountants or actuaries, and legal malpractice arising out of representation in commercial matters

☐ Environmental insurance coverage

☐ Commercial insurance coverage (e.g., directors and officers, errors and omissions, and business interruption coverage)

☐ Dissolution of corporations, partnerships, limited liability companies, limited liability partnerships and joint ventures (without consideration of the monetary threshold)

☐ Applications to stay or compel arbitration and affirm or disaffirm arbitration awards and related injunctive relief pursuant to CPLR Article 75 involving any of the foregoing enumerated commercial issues (where the applicable agreement provides for the arbitration to be heard outside the United States, the monetary threshold set forth in 22 NYCRR 202.70(a) shall not apply)

---

♿ **ADA Accommodations**
ada@nycourts.gov

**Spoken or Sign Language Interpreters**
interpreter@nycourts.gov

 **1-800-COURT-NY**
**(268-7869)**

1 of 2

Case: 26-1835, 07/31/2026, DktEntry: 34.1, (12 of 12)

**UCS-840C** (03/2025)          Page **2** of **2**          Index #: _____

Plaintiff/Petitioner's claim for compensatory damages, excluding punitive damages, interest, costs, and counsel fees claimed: $ __36,000,000,000.00__  at minimum pending accounting

Plaintiff/Petitioner's claim for equitable or declaratory relief, including a brief description of the intended benefit, right being protected, or injury being averted through the equitable or declaratory relief sought and its monetary value:

Preliminarily and permanently enjoining Respondent and its principals, agents, and employees from operating an unlawful gambling business in New York without being licensed by the New York State Gaming Commission and from violating the New York State Laws, directing Respondent to make full restitution to customers who have engaged in betting on Respondent's platform; directing Respondent to pay damages caused, directly or indirectly, by the repeated and persistent illegality complained of herein plus applicable pre-judgment interest; directing Respondent to disgorge all amounts obtained in connection with or as a result of the violations of law alleged herein and all moneys obtained in connection with or as a result of the illegal practice alleged herein; Directing Respondent to pay a fine of three times the amount of its gain from the illegal practices alleged herein, pursuant to Penal Law § 80.10; Directing Respondent to pay a fine of $100,000 for each offering or attempt to offer sports wagering or mobile sports wagering in New York without authorization, pursuant to Racing Law § 1367 (16)(a); awarding costs to Petitioner of two thousand dollars ($2,000) against Respondent pursuant to CPLR § 8303(a)(6).

Defendant/Respondent's counterclaims:

- For counterclaims seeking monetary relief, provide a brief description of the claim, including the amount of compensatory damages sought, excluding punitive damages, interest, costs, and counsel fees claimed

- For counterclaims seeking equitable or declaratory relief, provide a brief description, including the intended benefit, right being protected, or injury being averted through the relief sought and its monetary value

I request that this case is assigned to the Commercial Division. I certify that the case meets the Commercial Division's jurisdictional requirements as set forth in 22 NYCRR 202.70(a), (b) and (c).

Date: _____07/31/2026_____          _____
                                              Signature

                                         **K. Brent Tomer**
                                         _____
                                              Print Name