

## Milbank

**WILL HAVEMANN**
*Partner*
1101 New York Ave., N.W.  |  Washington, DC 20005
T: +1 (202) 835-7518
whavemann@milbank.com  |  milbank.com

August 5, 2026

**By Electronic Filing**

Hon. Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

> Re:  *KalshiEX LLC v. Williams*, No. 26-1835

Dear Ms. Wolfe:

Defendants' August 3 letter suggests that, because the New York Attorney General ("AG") is not a Defendant here, an injunction would not affect the AG's state-court enforcement action. That is wrong.  Defendants are responsible for regulating gaming in New York State.  N.Y. Rac. Pari-Mut. Wag. & Breed. Law § 104.  Enjoining state officials charged with regulating gaming prevents enforcement of state gaming laws.

Defendants' previous filings agree.  In opposing a preliminary injunction below, Defendants argued "[a]n injunction w[ould] *flood* the state with" sports-event contracts.  D. Ct. Dkt. No. 52 at 28.  The district court agreed that "[a] prohibition on a state from 'effectuating statutes enacted by representatives of its people'" inflicts "'irreparable injury.'"  D. Ct. Dkt. No. 106 at 21 (citations omitted).  Defendants again argued in *this* Court that an injunction would prevent "the State[ ]" from "enforc[ing] its duly-enacted laws."  Dkt. No. 30.1 at 27.

Having successfully opposed injunctive relief in the district court on the ground that it would prevent *the state* from enforcing its laws, Defendants are estopped from advancing a contrary position.  *See Simon v. Safelite Glass Corp.*, 128 F.3d 68, 71 (2d Cir. 1997) ("Judicial estoppel prevents a party in a legal proceeding from taking a position contrary to a position the party has taken in an earlier proceeding.").

Defendants' and the AG's course of conduct further confirms an injunction would bind the AG.  During the proceedings below, Defendants agreed to non-enforcement pending resolution of Kalshi's preliminary-injunction motion.  The AG's office withheld enforcement while that

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | HONG KONG | SEOUL | SINGAPORE | TOKYO

agreement was in place, despite acting against other market participants during that period.[1]  Then, when the preliminary injunction was denied, Defendants agreed to non-enforcement through July 30, and again the AG's office withheld enforcement.  When that agreement expired, the AG's office filed its action at 12:01AM on the same day Defendants issued related subpoenas.  *See* Exs. A and B.

Accordingly, an injunction from this Court will halt the AG's suit.  This Court should promptly issue that badly needed relief.

Respectfully submitted,

/s/ William E. Havemann
William E. Havemann

*Counsel for Appellant KalshiEX LLC*

cc:      All Counsel (via ECF)

---

[1] *Attorney General James Sues Coinbase and Gemini for Running Illegal Gambling Platforms in New York*, N.Y. Att'y Gen. (Apr. 21, 2026), https://perma.cc/5QSM-PTG9.