

**Office of the New York State
Attorney General**

**Letitia James
Attorney General**

August 12, 2026

Hon. Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals
 for the Second Circuit
40 Foley Square
New York, New York 10007

    Re:    *KalshiEX LLC v. Williams*, No. 26-1835

Dear Ms. Wolfe:

    I am counsel for defendants-appellees and write in response to plaintiff-appellant KalshiEX LLC's letters, dated August 5 and August 12, 2026. *See* ECF 38, 39. None of the arguments raised by Kalshi supports its request for an injunction pending appeal.

    First, both letters erroneously presume that the requested injunction would enjoin the Attorney General's pending enforcement action. The Attorney General is not a party here because Kalshi chose to sue only officials of the New York State Gaming Commission. While a federal court "may enjoin named defendants from taking specified unlawful actions," it cannot "enjoin the world at large or purport to enjoin challenged laws themselves."[1] *Whole Woman's Health v. Jackson*, 595 U.S. 30, 44 (2021) (marks omitted).

    Relatedly, the order issued by the Commodity Futures Trading Commission (CFTC) on August 11 is immaterial because it does not reference any action taken by the Gaming Commission. *See* Order at 1-10 (Exh., ECF 39). The Order focuses

---

    [1] Kalshi is wrong to argue (ECF 38 at 1) that defendants are judicially estopped from opposing injunctive relief against a nonparty simply because defendants referred to the Gaming Commission, a state agency, as "the State." Kalshi is equally mistaken to suggest (*id.* at 1-2) that the Attorney General's voluntary non-enforcement prior to July 31 constitutes agreement to be bound by an injunction.

exclusively on the Attorney General's enforcement action, but any "conflict" between the Order and that action (*see* ECF 39 at 1) is outside the scope of this appeal.

Second, although Kalshi asserts that CFTC has directed it "not to follow a state-court order" in New York (ECF 39 at 1), there is no such order. The Attorney General's enforcement action has been removed to federal court, where a motion for remand is pending. Moreover, CFTC cannot manufacture a conflict by asserting an incorrect view of the governing statutes. Courts need not defer to an agency's interpretation of statutory terms, *Loper Bright Enters. v. Raimondo,* 603 U.S. 369, 400-01 (2024), and CFTC's assertion of exclusive authority is erroneous, for the many reasons explained in defendants' opposition to Kalshi's motion (ECF 30 at 9-22).

Respectfully submitted,

/s/ *Ester Murdukhayeva*

Ester Murdukhayeva
Deputy Solicitor General
(212) 416-6279
Ester.Murdukhayeva@ag.ny.gov

cc (via CM/ECF):  All counsel of record