**Office of the New York State**
**Attorney General**

**Letitia James**
**Attorney General**

October 26, 2026

Hon. Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals
for the Second Circuit
40 Foley Square
New York, New York 10007

Re: *KalshiEX LLC v. Williams*, No. 26-1835

Dear Ms. Wolfe:

This Office represents defendants-appellees in this appeal. Pursuant to Rule 28(j), I write to submit *KalshiEX LLC v. Schuler*, 2026 WL 2884087 (6th Cir. Sept. 25, 2025), and *KalshiEX LLC v. Assad*, 2026 WL 2543846 (9th Cir. Aug. 28, 2026), as supplemental authority, and to update the Court on the status of related litigation.

*First*, *Schuler* and *Assad* strongly support appellees' argument that the Commodity Exchange Act (CEA) does not preempt the challenged application of New York gaming law (Opp. 8-21). Both cases confirm that Kalshi's "sports-event contracts" are not "swaps" under the CEA because they do not turn on any event that is "inherently associated with a 'potential financial, economic, or commercial consequence.'" *Schuler*, 2026 WL 2884087, at *11 (quoting 7 U.S.C. § 1a(47)(A)(ii)); *Assad*, 2026 WL 2543846, at *12. In so holding, the Sixth and Ninth Circuits rejected Kalshi's argument that mere "downstream economic consequence[s]" are sufficient, noting that this reading lacks any limiting principle. *Assad*, 2026 WL 2543846, at *12; *see Schuler*, 2026 WL 2884087, at *14.

*Schuler* further supports appellees' argument that the CEA would not preempt New York gaming law, even if Kalshi's "sports-event contracts" were swaps (Opp. 13-21). As *Schuler* explained, the CFTC's "exclusive jurisdiction" in § 2(a)(1)(A) at most displaces state laws that directly regulate the licensing and operation of designated contracts markets—*not* generally applicable sports gambling laws that incidentally touch on these markets when they offer sports betting. *See* 2026 WL 2543846, at *22.

*Second*, there have been no material developments in the underlying district court proceedings. Kalshi has sought a stay of proceedings pending resolution of this appeal, while appellees have filed a pre-motion conference letter on their motion to dismiss. On October 22, the Gaming Commission filed a state-court petition to enforce the investigatory subpoenas that it issued to Kalshi in July. *See Matter of N.Y. State Gaming Comm'n v. Kalshi, Inc.*, No. 454547/2026 (Sup. Ct. N.Y. Cnty). In the New York Attorney General's separate enforcement action, the motion for remand to state court was fully briefed on August 28. *See People v. KalshiEX LLC*, No. 26-cv-6550 (S.D.N.Y.).

Respectfully submitted,

/s/ *Grace X. Zhou*

Grace X. Zhou
Senior Assistant Solicitor General
(212) 416-6160
grace.zhou@ag.ny.gov

cc (via CM/ECF): All counsel of record
Word count: 349